862 F.2d 1330
 Glenn T. FREEMAN and Lucy E. Freeman, individually and d/b/a
Belvidere East KOA Kampground, Appellants,
v.
Richard W. BLAIR, individually and in his capacity as
Secretary of Health, State of South Dakota; Douglas E.
Kludt, individually and in his capacity as Assistant
Attorney General, State of South Dakota; Michael J. Baker,
individually and in his capacity as Assistant Program
Director, Department of Health, State of South Dakota; John
Does "A" through "K" whose true names are not known, but are
believed to be officers, agents or employees of the State of
South Dakota, Appellees.
 No. 85-5169.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 16, 1987.
Decided Dec. 14, 1988.
Rehearing Denied Jan. 30, 1989.
 
 Glenn T. Freeman, Midland, S.D., pro se.
 Mark A. Moreno, Pierre, S.D., for appellees.
 Before HEANEY, Circuit Judge, TIMBERS, Senior Circuit Judge,* and BOWMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Our previous decision in this case is reported at 793 F.2d 166 (8th Cir.1986). The Supreme Court granted defendants' petition for a writ of certiorari, vacated our judgment, and remanded the case to us for further consideration in light of Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987), and New York v. Burger, 482 U.S. 691, 107 S.Ct. 2636, 96 L.Ed.2d 601 (1987). Blair v. Freeman, --- U.S. ----, 107 U.S. 3254, 97 L.Ed.2d 754 (1987). After this remand, the parties filed supplementary briefs to assist us in our deliberations.
 
 
 2
 Anderson and Burger have relevance to this case insofar as it concerns qualified immunity. Because Anderson and Burger do not speak to the issue of absolute immunity, we reaffirm and reinstate part II. A. of our earlier decision, in which we held that Blair and Massa are not entitled to absolute immunity. See 793 F.2d at 171-73.
 
 
 3
 We turn to the issues of qualified immunity. Anderson holds that a government official performing discretionary functions is entitled to qualified immunity unless, in the light of preexisting law, the unlawfulness of his actions was apparent. "The contours of the right [that the official is alleged to have violated] must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." 107 S.Ct. at 3039. The official is presumed to know the preexisting law governing his conduct, see Harlow v. Fitzgerald, 457 U.S. 800, 818-19, 102 S.Ct. 2727, 2738-39, 73 L.Ed.2d 396 (1982), and his conduct is to be evaluated under the Harlow standard of " 'objective legal reasonableness' of the action ... assessed in light of the legal rules that were 'clearly established' at the time it was taken...." Anderson 107 S.Ct. at 3038 [citations omitted].
 
 
 4
 Burger is relevant to the present case because it upholds the warrantless search of an automobile junkyard conducted pursuant to a New York statute authorizing such a search. Burger thus provides a further basis for evaluating the "objective legal reasonableness" of the conduct of the defendants in the present case, who acted pursuant to a South Dakota regulatory scheme concerning health and safety standards for commercial campgrounds.
 
 
 5
 In our earlier decision in this case, we held that even if the commercial campground business is a "pervasively regulated business," the South Dakota statutes did not provide sufficiently detailed guidelines to justify a warrantless search, and that the law in this regard was clearly established at the time the defendants acted. See 793 F.2d at 175-76. In light, however, of Anderson and Burger, we are compelled to conclude that any defects in the regulatory scheme were not sufficiently obvious to make the defendants' reliance on the scheme objectively unreasonable. We are persuaded that "the additional restrictions on discretion that might have been necessary are not so obvious that an objectively reasonable [official] would have realized the statute was unconstitutional without them." Illinois v. Krull, 480 U.S. 340, 359-360, 107 S.Ct. 1160, 1172, 94 L.Ed.2d 364 (1987). Similarly, under the standard of objective legal reasonableness we cannot say it was clearly established that the commercial campground business was not "pervasively regulated." We therefore hold that all defendants are entitled to qualified immunity, and therefore to summary judgment, on plaintiffs' claims based on defendants' failure to obtain a search warrant authorizing an inspection of plaintiffs' campground.
 
 
 6
 Although objectively reasonable officials acting at the time and in the circumstances of this case could have believed that a warrantless search of the campground was constitutionally permissible, it does not follow that objectively reasonable officials could have believed that the summary suspension of plaintiffs' campground license was also constitutionally permissible. The governing South Dakota statute authorizes the summary suspension of a campground license only when the secretary of health has determined "the existence of a hazardous condition that may immediately endanger human life or be seriously detrimental to public health...." South Dakota Codified Laws Sec. 34-18-27. Here, by defendants' own admission, there was no evidence of a hazardous condition at plaintiffs' campground. At most, there was the merest suspicion that such a condition might exist, and the secretary thus had no basis for, and could not properly have made, the determination required by Sec. 34-18-27. It is inconceivable that in the circumstances of this case objectively reasonable officials could have thought they had constitutional warrant to summarily suspend plaintiffs' business license and thus deprive plaintiffs of their means of livelihood. Indeed, we have no doubt that the law to the contrary was clearly established, especially in view of the fact that defendants have made no showing that a predeprivation hearing was impracticable or impossible--which it obviously was not. See Parratt v. Taylor, 451 U.S. 527, 540-41, 101 S.Ct. 1908, 1915-16, 68 L.Ed.2d 420 (1981). Accordingly, we hold that none of the defendants is entitled to summary judgment on the basis of qualified immunity with respect to plaintiffs' claim concerning the lack of a predeprivation hearing, and we reaffirm and reinstate part III. B. of our earlier opinion. See 793 F.2d at 176-78.
 
 
 7
 As observed in part III. C. of our original opinion, see 793 F.2d 178-79, plaintiffs also assert a claim dealing with retaliation for the assertion of constitutional rights. Specifically, plaintiffs complain that defendants' actions were taken "because of" and "as punishment for" plaintiffs' refusal to submit to warrantless searches. This claim thus raises a fact issue: whether in suspending plaintiffs' campground license defendants acted for a permissible reason (public health and safety) or an impermissible one (retaliation for the exercise of a constitutional right). The law making retaliation for the exercise of a constitutional right actionable under Sec. 1983 was clearly established long before the events in this case, see Mount Healthy City Board of Education v. Doyle, 429 U.S. 274, 283-84, 97 S.Ct. 568, 574-75, 50 L.Ed.2d 471 (1977); Buise v. Hudkins, 584 F.2d 223, 229 (7th Cir.1978), and objectively reasonable officials could not fail to know of it. Consequently, we must conclude that defendants are not entitled to qualified immunity with respect to this claim. Plaintiffs are entitled to go forward on this claim and thus we remand the case to the District Court for further proceedings thereon.
 
 
 8
 In sum, we hold that Blair and Massa are not entitled to absolute immunity, that all defendants are entitled to qualified immunity with respect to plaintiffs' claims concerning defendants' failure to obtain a search warrant, and that none of the defendants is entitled to qualified immunity with respect to plaintiffs' claims based on the lack of a predeprivation hearing and on retaliation for the assertion of a constitutional right. The judgment of the District Court is affirmed in part and reversed in part, and the case is remanded for further proceedings consistent with this opinion.
 
 
 
 *
 The HONORABLE WILLIAM H. TIMBERS, Senior United States Circuit Judge for the Second Circuit, sitting by designation