**Gregory A. SCHER, Appellee,**

v.

**Daniel ENGELKE, Appellant.**

**No. 90–2563.**

United States Court of Appeals, Eighth Circuit.

Submitted April 10, 1991.

Decided Sept. 11, 1991.

Rehearing and Rehearing En Banc Denied Nov. 1, 1991.

---

**1.** I agree with the Court that footnotes can be important.

JOHN W. PECK, Senior Circuit Judge.

Daniel Engelke appeals from the district court's[1] denial of his motion for judgment notwithstanding the jury verdict in this 42 U.S.C. § 1983 action. For the reasons stated below, we affirm.

## I. FACTS

During the time period relevant to this suit, Appellee Gregory Scher was an inmate at Missouri Eastern Correctional Center (MECC). Appellant Daniel Engelke was a prison guard at MECC. James Smith, another MECC guard and defendant in this case, approached Scher requesting a source for contraband weapons. Scher reported this to prison officials. After repeated demands from Smith, Scher gave Smith a note with the name of a purported weapons source. The note was found in Smith's hat as he left MECC. Prison policy prohibits the removal of anything, including a note, from the premises. Following this infraction, Smith was transferred to tower duty. Smith again violated prison policy by making phone calls from the tower into the prison allegedly threatening Scher. Following this incident, Smith was placed on administrative leave and he subsequently resigned.

Following Smith's resignation, Scher's cell was searched repeatedly. Appellant Engelke searched Scher's cell ten times in nineteen days. On three occasions the cell was left in disarray. Several items such as pens, tape, and a washcloth were confiscated during the searches. On one occasion Engelke issued a conduct violation against Scher for having a television set in his cell that did not appear on his property list. The television set belonged to another inmate who had loaned it to Scher's roommate. However, Scher's roommate was not issued a conduct violation. Scher was not physically abused during any of these searches.

In May 1986, Scher commenced the present action by filing a pro se complaint naming numerous prison personnel. Most of the defendants were dismissed prior to the completion of the trial. However,

Erwin Switzer, III, Asst. Atty. Gen., argued (Terri Goldman, Asst. Atty. Gen., on brief), St. Louis, Mo., for appellant.

Ralph Kalish, Jr., St. Louis, for appellee.

Before LAY, Chief Judge, and PECK * and ROSS, Senior Circuit Judges.

---

* The Honorable John W. Peck, Senior United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

1. The Honorable Stephen N. Limbaugh, District Judge, United States District Court for the Eastern District of Missouri.

Scher's claims against Engelke were submitted to the jury on eighth amendment grounds. The jury found against Engelke and Smith and awarded Scher $1000 punitive damages from each. The jury did not award any actual damages, but the district court awarded $1 nominal damages *sua sponte*. Engelke made a motion for judgment notwithstanding the verdict which the district court denied. Engelke appealed to this court.

## II. ANALYSIS

### A. *Denial of JNOV motion*

A directed verdict or JNOV may be entered "only where all the evidence points one way and is susceptible of no reasonable inferences sustaining the position of the non-moving party." *Sunkyong International, Inc. v. Anderson Land & Livestock Co.*, 828 F.2d 1245, 1248 (8th Cir.1987). In reviewing the district court's denial of Engelke's JNOV motion, this court must apply the same standard as the district court. *Morgan v. Arkansas Gazette*, 897 F.2d 945, 948 (8th Cir.1990). This standard requires that the court:

1) consider the evidence in the light most favorable to [Scher], who prevailed with the jury; 2) assume that all conflicts in the evidence were resolved by the jury in [Scher's] favor; 3) assume as proved all facts which [Scher's] evidence tends to prove; 4) give [Scher] the benefit of all favorable inferences which may reasonably be drawn from the facts proved; and 5) affirm the denial of the motion if reasonable persons could differ as to the conclusions to be drawn from it.

*Id.*

In denying Engelke's JNOV motion, the district court relied on *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1982). In *Hudson*, an inmate brought a § 1983 action alleging that a prison officer had conducted an unreasonable shakedown search of his cell and had filed a false charge under prison disciplinary procedures against the inmate solely for harassment purposes. The Supreme Court held that the inmate was not entitled to constitutional protection from unreasonable searches. However, the Court stated:

Our holding that respondent does not have a reasonable expectation of privacy enabling him to invoke the protections of the Fourth Amendment does not mean that he is without a remedy for calculated harassment unrelated to prison needs. Nor does it mean that prison attendants can ride roughshod over inmates' property rights with impunity. The Eighth Amendment always stands as a protection against "cruel and unusual punishments."

468 U.S. at 530, 104 S.Ct. at 3202.

Additionally, the district court cited *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986), for the standard used to determine whether the conduct of prison officials violates the eighth amendment. In *Whitley*, the Court stated:

It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.

\* \* \* \* \* \*

The general requirement that an Eighth Amendment claimant allege and prove the unnecessary and wanton infliction of pain should also be applied with due regard for differences in the kind of conduct against which an Eighth Amendment objection is lodged.

475 U.S. at 319–20, 106 S.Ct. at 1084.

The district court noted that the jury found that Engelke had in fact searched Scher's cell ten times in nineteen days and left the cell in disarray after three of the searches, and that these actions constituted cruel and unusual punishment. Applying the *Hudson* and *Whitley* standards, the district court found that there was evidence from which the jury could conclude that an eighth amendment violation had occurred. Thus, the district court concluded that all the evidence did not support Engelke's position and denial of the JNOV motion was proper. *Sunkyong, supra.*

On appeal, Engelke's primary argument is that pain is a necessary element

of an eighth amendment claim and a cell search that involved no abuse, injury, or pain cannot constitute cruel and unusual punishment. We cannot agree with Engelke's narrow interpretation of eighth amendment protection. In *Rodgers v. Thomas*, 879 F.2d 380, 384 (8th Cir.1989), this court stated that "[i]n order to establish an eighth amendment violation after incarceration, a prisoner must establish the unnecessary and wanton infliction of pain, mental or physical." In *Cowans v. Wyrick*, 862 F.2d 697, 700 (8th Cir.1988), this court stated that "the jury must have found that plaintiff suffered anguish, misery or pain in order to establish that cruel and unusual punishment was inflicted." In *Martin v. White*, 742 F.2d 469, 474 (8th Cir.1984), this court recognized that violent attacks or the constant fear of such violence could constitute a violation of the eighth amendment. Additionally, *Whitley*, *supra*, teaches that the general requirement that the plaintiff allege and prove "the unnecessary and wanton infliction of pain should also be applied with due regard for the differences in the kind of conduct against which an Eighth Amendment objection is lodged." 475 U.S. at 320, 106 S.Ct. at 1084. Thus, the scope of eighth amendment protection is broader than the mere infliction of physical pain as Engelke urges, and evidence of fear, mental anguish, and misery inflicted through frequent retaliatory cell searches, some of which resulted in the violent dishevelment of Scher's cell, could suffice as the requisite injury for an eighth amendment claim.

The evidence in this case showed that Scher was the victim of Smith's coercive efforts to obtain illicit weapons. Scher acted responsibly in reporting this to prison officials. Smith eventually resigned rather than be removed from his position. Shortly thereafter, Scher, an honor inmate, was subjected to numerous cell searches and an undeserved conduct violation from Engelke. Engelke testified that he had no reason to believe that Scher had contraband in his cell when he conducted the cell searches. Considering these facts in the light most favorable to Scher and giving him the benefit of reasonable inferences,

the evidence clearly does not all point to Engelke's position. Instead, it evidences a pattern of calculated harassment unrelated to prison needs from which the U.S. Supreme Court has stated that prisoners are protected. *Hudson, supra.* Thus, the district court correctly denied Engelke's JNOV motion.

Engelke also argues that previously no other court has found cell searches to violate the eighth amendment. However, the cases on which he relies are easily distinguishable from the present case. None involved the retaliatory aspect so prominent in this case. In *Hudson, supra*, the inmate only alleged one shakedown search. The evidence in the present case discloses ten searches in nineteen days under circumstances which a jury would be justified in finding were motivated by retaliation for Scher's efforts to blow the whistle on a corrupt guard.

In *Vigliotto v. Terry*, 873 F.2d 1201 (9th Cir.1989), an inmate brought a § 1983 action alleging that prison officials had violated his eighth amendment rights by conducting several harassing searches, one of which involved the confiscation of legal materials. The district court granted summary judgment to the prison officials. The Ninth Circuit cited *Hudson, supra*, for the proposition that "[t]he Eighth Amendment protects prisoners from searches conducted only for 'calculated harassment.'" *Id.* at 1203. However, the Ninth Circuit affirmed the district court noting that only one search could be substantiated and that a "single incident is insufficient to satisfy *Whitley*." *Id.* Again, the substantiated conduct in this case is much more egregious than that in *Vigliotto*.

In *Balabin v. Scully*, 606 F.Supp. 176 (S.D.N.Y.1985), an inmate asserted that cell searches violated the eighth amendment. While the court acknowledged *Hudson, supra*, it dismissed the inmate's claims because he had made no allegations of harassment nor alleged facts establishing an invasion of privacy that rose to the level of cruel and unusual punishment. *Id.* at 184. In contrast, Scher made strong allegations that he was harassed through the searches and an undeserved conduct viola-

tion concerning his roommate's television. Thus, *Balabin* has no application to this case. In sum, these cases do not involve the obdurate and wanton harassment and retaliation evident in the present case.

### B. *Qualified immunity*

Engelke next argues that he is entitled to qualified immunity. He cites *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), for the proposition that an official is immune from liability for civil damages when his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. He asserts that the passage from *Hudson, supra,* is merely *dicta* and therefore does not clearly establish a constitutional right. We cannot agree.

Contrary to Engelke's assertions, we are not dealing with an esoteric matter of unsettled law of which a guard could not reasonably be expected to know. This is a clear case of a prisoner who was subjected to retaliatory cell searches and conduct violations for bringing the illicit conduct of a prison guard to the attention of prison officials. The law making retaliation for the exercise of a constitutional right actionable under § 1983 has been established for some time and an objectively reasonable official could not fail to know of it. *Freeman v. Blair*, 862 F.2d 1330, 1332 (8th Cir.1988) (citing *Mount Healthy City Board of Education v. Doyle*, 429 U.S. 274, 283–84, 97 S.Ct. 568, 574, 50 L.Ed.2d 471 (1977); *Buise v. Hudkins*, 584 F.2d 223, 229 (7th Cir.1978), *cert. denied*, 440 U.S. 916, 99 S.Ct. 1234, 59 L.Ed.2d 466 (1979)). Furthermore, the fact that previously no court has held that cell searches constitute an eighth amendment violation is irrelevant. The U.S. Supreme Court has stated that the action in question need not have been previously held unlawful, "but in the light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987); *Coffman v. Trickey*, 884 F.2d 1057, 1063 (8th Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 1523, 108 L.Ed.2d 763 (1990). Certainly the unlawfulness of Engelke's retaliatory conduct must have been apparent to him. The basic course of decent human conduct precludes the infliction of such trauma on one in custody.

### III. CONCLUSION

Thus we would in any event be strongly inclined to find the evidence of Engelke's conduct sufficiently egregious to support the jury's verdict, and to hold as a matter of law that he had not established an immunity defense. These conclusions are strongly bolstered by the clarity of the evidence establishing Engelke's retaliatory motivation. Accordingly, we affirm the district court's denial of Engelke's JNOV motion.