**Travis E. BLANKS, Plaintiff,**

v.

**Major J.C. SMITH, Lynn Oestriech and Warden Gary McCaughtry, Defendants.**

No. 92–C–0040.

United States District Court, E.D. Wisconsin.

April 10, 1992.

---

Travis E. Blanks, pro se.

No appearance, for defendants.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

Travis E. Blanks, currently incarcerated in Waupun Correctional Institution, seeks redress under 42 U.S.C. § 1983 for alleged violations of his constitutional rights when prison officials searched his cell and his person almost daily during a two-week "general shakedown" period. Mr. Blanks has filed a petition for leave to proceed in forma pauperis. The petition will be granted.

In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious. 28 U.S.C. § 1915(a) and (d). Furthermore, the court is obliged to give Mr. Blanks' *pro se* allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972).

■ Mr. Blanks has filed the requisite affidavit of indigence, and the court is satisfied that he is unable to pay the costs of commencing this action. Nevertheless, the court is obliged to deny Mr. Blanks' petition to proceed in forma pauperis if his action is frivolous or malicious. 28 U.S.C. § 1915(d). An action is considered frivolous if there is no arguable basis for relief either in law or in fact. *Neitzke v.*

*Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989). At this stage, the court is obligated to accept the well-pleaded factual allegations as true.

■ Mr. Blanks alleges that on December 24, 1991, defendant Smith ordered a "general shakedown" of the institution's adjustment center and special management unit. He alleges that he "was made to undergo a visual body cavity search and a search of his cell # 5 and property" on that date. He further alleges that (almost every day) from December 26, 1991, until January 8, 1992, the defendant prison officials caused him to be subjected to visual body cavity searches and searches of his cell and property. He alleges that such searches were "excessive and unreasonable" because he had no contact with other prisoners or visitors and never left the "cellblock" during that time. He further maintains that he has "suffered mental anguishment [sic], depression and humiliation" as a result of these searches.

Lawful incarceration necessarily brings with it the restriction of many privileges and rights. *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Generally, prison officials are to be accorded great deference to adopt policies, guidelines, and procedures as necessary to preserve internal order and security.

In this case, the Wisconsin Administrative Code ("the Code") is the source of the guidelines and procedures governing searches of an inmate's living quarters or person by prison officials. Under § DOC 306.15, "a search of the living quarters of any inmate may be made at any time." *See also* Appendix to § DOC 306.15 ("Experience teaches that such searches are necessary because contraband, including drugs and objects fashioned into dangerous weapons, are frequently discovered during such searches. And, such searches are thought to deter the possession of contraband."); § DOC 306.14 (granting prison staff general authority to conduct periodic searches); § DOC 306.16 (providing for searches of inmates' person).

Mr. Blanks has not alleged that the defendants conducted the searches of his cell

or person in violation of any of the applicable provisions of the Code. Nor does he allege that the applicable provisions of the Code are themselves unconstitutional. Instead, Mr. Blanks challenges the *number* of searches conducted by prison officials during the two-week period of "general shakedown." There may well be a constitutional limit to the number of searches that prison officials may conduct during a given time period. *See, e.g., Scher v. Engelke,* 943 F.2d 921, 924 (8th Cir.1991) (repeated shakedown searches of an inmate's cell constituted cruel and unusual punishment actionable under the Eighth Amendment and 42 U.S.C. § 1983), *cert. denied,* —— U.S. ——, 112 S.Ct. 1516, 117 L.Ed.2d 652 (1992). Accordingly, the court concludes that Mr. Blanks has stated at least an arguable claim for relief under the Eighth Amendment and 42 U.S.C. § 1983. *See Williams v. Faulkner,* 837 F.2d 304 (7th Cir.1988), *aff'd sub nom. Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The defendants will be called upon to respond to the allegations in Mr. Blanks' complaint.

Therefore, IT IS ORDERED that Mr. Blanks' petition for leave to proceed in forma pauperis be and hereby is granted.