Greg SCHER; Mark Power, Appellants,

v.

CHIEF POSTAL INSPECTOR; B.J. Powers; Brian Begley; Will Stinson; Agent De Bourge; Mike Eaves; 1–25 Does, Appellees.

No. 92–1568.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 10, 1992.

Decided Aug. 28, 1992.

Appellants were not represented by counsel.

Henry J. Fredericks, St. Louis, Mo., for appellees.

Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.

PER CURIAM.

Gregory Scher, a former Missouri prisoner, and Mark Power, a current Missouri prisoner, appeal the district court's dismissal of their *Bivens* action against several postal employees. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (recognizing a direct cause of action for violations of the Constitution by federal officials). We affirm.

■ Because Scher is no longer in prison, his request for declaratory and injunctive relief is moot. *Smith v. Boyd,* 945 F.2d 1041, 1043 (8th Cir.1991); *Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985). We thus consider only Scher's request for damages and Power's requested relief. We review the district court's dismissal de novo. *Concerned Citizens of Neb. v. United States Nuclear Regulatory Comm'n,* 970 F.2d 421, 425 (8th Cir.1992). Taking the allegations of the complaint as true, we will affirm only if it is clear no relief could be granted. *Id.*

■ Scher and Power wrote and telephoned the United States Postal Service complaining prison administrators were "stealing, holding, tampering with, censoring, delaying, and destroying" their mail. *See* 18 U.S.C. §§ 1701, 1702, 1708 (1988) (prohibiting the obstruction or theft of mail). A postal employee informed Scher prison officials may open, examine, and censure prisoner mail. *See* Domestic Mail Manual § 115.97 (Dec. 15, 1991); 39 C.F.R. § 111.1 (1991); *see also Adams v. Ellis,* 197 F.2d 483, 485 (5th Cir.1952) (holding sections 1702 and 1708 do not apply in a prison context). The postal employees decided to proceed no further.

Dissatisfied, Scher and Power brought this action contending postal employees discriminated against them as prisoners by not investigating their postal complaints. We conclude the district court properly dismissed Scher and Power's action because it does not state a deprivation of a constitutional right.

Scher and Power have no independent constitutional right to have postal employees investigate their complaints. *Cf. Gomez v. Whitney,* 757 F.2d 1005, 1006 (9th Cir.1985) (per curiam) (lack of police investigation, by itself, was not a deprivation of a constitutional right). Scher and Power also failed to state an equal protection claim. Prisoners are not similarly situated

to nonprisoners, thus postal employees need not handle their complaints like nonprisoner complaints. *See Moreland v. United States*, 968 F.2d 655, 660–61 (8th Cir.1992) (en banc); *United States v. Woods*, 888 F.2d 653, 656 (10th Cir.1989).

Accordingly, we affirm.