**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Anthony James BROWN, also known as Tony James Freeze, Defendant–Appellant.**

No. 93–1834.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 13, 1993.

Decided Nov. 30, 1993.

Scott F. Tilsen, Asst. Federal Public Defender, Minneapolis, MN, argued, for defendant-appellant.

Richard G. Morgan, Asst. U.S. Atty., Minneapolis, MN, argued, for plaintiff-appellee.

Before LOKEN, Circuit Judge, CAMPBELL,* Senior Circuit Judge, and HANSEN, Circuit Judge.

* The HONORABLE LEVIN H. CAMPBELL, United States Senior Circuit Judge for the First Circuit, sitting by designation.

LOKEN, Circuit Judge.

In *State v. Russell*, 477 N.W.2d 886 (1991), the Minnesota Supreme Court held that a state statute imposing harsher penalties for possession of crack than for possession of powder cocaine violated the equal protection guarantee in the Minnesota Constitution. Anthony James Brown was then indicted for distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1), and pending state drug charges against him were dismissed. Brown pleaded guilty and was sentenced to fifty-seven months in prison and three years of supervised release. Arguing that he was selectively prosecuted on account of his race in violation of his Fifth Amendment equal protection rights, Brown appeals the district court's [1] refusal to dismiss the indictment or grant him a downward departure. We affirm.

■ "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978). This prosecutorial discretion is subject to constitutional constraints, including "ordinary equal protection standards.... [T]hese standards require [the accused] to show both that the [alleged selective] enforcement [decision] had a discriminatory effect and that it was motivated by a discriminatory purpose." *Wayte v. United States*, 470 U.S. 598, 608, 105 S.Ct. 1524, 1531, 84 L.Ed.2d 547 (1985). Brown argues he met this standard by showing that the United States Attorney sought his indictment knowing that *Russell* had found the greater state law penalties for crack cocaine to have a disparate impact on African Americans in Minnesota.

While acknowledging *Russell* as a binding interpretation of the Minnesota Constitution,

1. The HONORABLE DAVID S. DOTY, United States District Judge for the District of Minnesota.

we have repeatedly rejected equal protection challenges to the greater penalties federal law prescribes for crack than for powder cocaine. *See, e.g., United States v. Willis,* 967 F.2d 1220, 1225–1226 (8th Cir.1992); *United States v. Johnson,* 944 F.2d 396, 404 n. 7 (8th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 646, 116 L.Ed.2d 663 (1991). Thus, to prove discriminatory effect for Fifth Amendment purposes, Brown may not simply rely upon the disparate impact of the *penalty,* the basis for decision in *Russell.* Rather, he must establish that the decision to bring the federal charges against him, and not against others who committed federal crack violations and thus were similarly situated, itself had a racially discriminatory effect. *See Wayte,* 470 U.S. at 609–10, 105 S.Ct. at 1531–32. Brown presented no evidence as to whether the United States Attorney has declined to press federal crack charges against others during the relevant period.

Brown must also prove discriminatory purpose—that the prosecutor's decision to charge him with this drug trafficking crime was based at least in part on his race. See *Arlington Heights v. Metro. Housing Dev. Corp.,* 429 U.S. 252, 265, 97 S.Ct. 555, 563, 50 L.Ed.2d 450 (1977); *Washington v. Davis,* 426 U.S. 229, 240, 96 S.Ct. 2040, 2047, 48 L.Ed.2d 597 (1976). Brown essentially asks us to infer that the United States Attorney acted with such a purpose because he knew of the disparate impact caused by the harsher sentences crack offenders receive. Discriminatory purpose, however, "implies more than ... intent as awareness of consequences. It implies that the decisionmaker ... selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group." *Wayte,* 470 U.S. at 610, 105 S.Ct. at 1532 (internal quotations omit-

ted). Brown was charged with violating federal narcotics laws—a charge to which he pleaded guilty. A statistical disparity in sentencing is no basis for inferring that the decision to prosecute him for that violation was anything other than the kind of discretionary judgment essential to the criminal justice process. *See McCleskey v. Kemp,* 481 U.S. 279, 297, 107 S.Ct. 1756, 1769, 95 L.Ed.2d 262 (1987).

Applying these principles, we conclude that Brown has failed to prove that he was selectively prosecuted in violation of his equal protection rights. As in *United States v. Huff,* 959 F.2d 731, 735 (8th Cir.1992), here "[t]here is no evidence in the record that 'similarly situated' non-African Americans were not being prosecuted for similar conduct. Nor did appellants offer any evidence that the decision to prosecute them was based on their race." On this record, Brown's attack on the prosecutor's decision to charge is, in substance, little more than a reiteration of the equal protection argument we have rejected in *Willis* and other cases. Therefore, the district court properly denied Brown's motion to dismiss the indictment and refused to grant him a downward departure.

The judgment of the district court is affirmed.