12 F.3d 1102
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Clarence L. MCCLAIN, Appellant,
v.
G.R. GASELE, Warden, Federal Prison Camp, Duluth, Minnesota;
United States Bureau of Prisons, Appellees.
 No. 93-2135.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 5, 1993.
Filed: December 9, 1993.
 
 Before McMILLIAN, JOHN R. GIBSON, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Clarence L. McClain, a former federal prisoner now on probation, appeals from the final order entered in the District Court[1] for the District of Minnesota, denying McClain's motion for civil contempt, denying as moot injunctive and declaratory relief, and denying restoration of his good time credits in an action brought under 28 U.S.C. Sec. 2241. We affirm.
 
 
 2
 In January 1990, while incarcerated at the Federal Prison Camp, Duluth, Minnesota (FPC), McClain filed a petition for habeas corpus, claiming his constitutional rights were violated based on inadequate medical treatment he received for a foot condition, discrimination because of a handicap, refusal to transfer him to another prison facility, and errors in his presentence investigation report. On March 18, 1991, the district court, adopting the magistrate judge's[2] report, ordered the FPC staff to immediately provide McClain with the treatment recommended by two doctors, namely, that McClain be fitted with a brace to correct a "foot drop" condition and that he be referred to a medical facility for further evaluation of his foot condition. McClain's appeal to this court was dismissed as frivolous. McClain v. Gasele, No. 91-1736 (8th Cir. May 8, 1991).
 
 
 3
 On October 23, 1991, McClain moved to hold FPC Warden Gary Gasele and the Bureau of Prisons (BOP) in contempt of court. He alleged that he was not transferred to the Federal Medical Center-Rochester (FMC) until July 17, 1991, in violation of the court's order to transfer him "immediately," and that the treatment he received before and after his transfer to FMC was not consistent with the recommendations. He also alleged that he was placed in solitary confinement and was denied pain medication in retaliation for his complaints, causing him to lose good time credits. Finally, McClain alleged that he had suffered mental anguish as a result of conduct of the FPC staff.
 
 
 4
 The government responded, asserting that McClain was transferred to FMC and had received extensive treatment for his foot problems. The government also contended contempt was inappropriate as to Gasele because McClain was no longer incarcerated at FPC.
 
 
 5
 The magistrate judge, noting that the government did not succinctly explain why McClain was not promptly transferred in compliance with the court's order, concluded that the contempt motion with respect to his treatment while at FPC was without merit, and his request for injunctive and declaratory relief against Gasele and against the BOP for his treatment at FPC was moot because he was no longer incarcerated there. The magistrate judge noted also that there was no subject matter jurisdiction to award monetary damages and that any claim for monetary damages against individuals at FPC or FMC could be brought in a Bivens[3] action. The magistrate judge stated that it appeared that McClain's appeal of the district court's March 17 order was what caused the delay in his transfer, that there was no evidence that McClain's transfer was delayed to cause him additional pain, or that McClain requested that he be transferred during the pendency of his appeal. The magistrate judge also concluded that the medical treatment McClain received complied with the court's order-McClain was immediately fitted with a brace and was seen on several occasions for specialized foot care treatment.
 
 
 6
 The magistrate judge also concluded that, although the government did not rebut the retaliation claim, the record did not support McClain's claim and, thus, recommended denial of the request for restoration of good time credits. The district court adopted the magistrate judge's report. McClain was released from custody on March 9, 1993, after completing his term of incarceration.
 
 
 7
 This court reviews the denial of civil contempt motions under an abuse of discretion standard. Barnes v. Bosley, 828 F.2d 1253, 1259 (8th Cir. 1987). To prevail on a contempt claim, a movant has the burden of establishing by clear and convincing evidence that the decree was violated. SapaNajin v. Gunter, 857 F.2d 463, 465 (8th Cir. 1988).
 
 
 8
 McClain argues that the district court's findings are clearly erroneous. We disagree. Although the government did not explain why McClain was not transferred for four months, and we are hesitant to excuse what appears to be a lengthy administrative delay, the district court did not abuse its discretion in denying the contempt motion. We note that the record shows McClain was treated during the delay and after he was finally transferred.
 
 
 9
 Because McClain is no longer incarcerated, McClain's claims for injunctive and declaratory relief are now moot. See Scher v. Chief Postal Inspector, 973 F.2d 682, 683 (8th Cir. 1992) (per curiam). In addition, because money damages is not an issue in this case and he has been released from incarceration, McClain's request for restoration of his good time credits is also moot. See Vandenberg v. Rodgers, 801 F.2d 377, 378 (10th Cir. 1986).
 
 
 10
 Accordingly, we affirm the district court's judgment.
 
 
 
 [1]
 The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota
 
 
 [2]
 The Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota
 
 
 [3]
 Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)