19 F.3d 23
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
John SQUIRE, Appellant,
v.
Frank WOODS, Warden, Minnesota State Prison; Sgt. David
Harrigan; David Crist; Lt. Tom Morton, Appellees.
 No. 93-2705.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 4, 1994.
Filed: March 11, 1994.
 
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 John Squire, a federal inmate, appeals the district court's[1] dismissal of his 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 On April 23, 1991, Squire was transferred from a federal prison to the Minnesota Correctional Facility Oak Park Heights (OPH). After a July 2, 1991 fight in Squire's cell-block, in which he was not involved, Sergeant Leaf Palmer noticed Squire repairing a rip in his pillow. Apparently concerned that Squire was attempting to conceal a weapon, Palmer conducted a cursory search of Squire's cell. Following prison procedure pertaining to violent incidents, Squire's cell-block was subjected to a "lock-up": prisoners must remain in their cells while all cells are thoroughly searched. Sergeant David Harrigan conducted the lock-up search of Squire's cell on July 5, 1991. During both the July 2 and 5 searches, guards found that Squire had prohibited or excess items and removed them.
 
 
 3
 In July 1991, Squire requested and was granted a transfer to a federal prison. Squire later changed his mind, but prison officials told him that his decision to transfer was irrevocable because he had not successfully adjusted to OPH. Squire was transferred to Terre Haute federal facility on August 7, 1991, and later transferred to the federal prison at Marion, Illinois. Around August 7, 1991, a United States district court in Georgia sent Squire an order. OPH stamped the envelope "Released/Discharged" and returned it to the court. The court dismissed the action for failure to keep it apprised of address changes.
 
 
 4
 On January 6, 1992, Squire filed a 42 U.S.C. Sec. 1983 complaint against defendants, seeking injunctive relief and compensatory and punitive damages. Defendants filed a motion for summary judgment. The district court, adopting the magistrate judge's report over Squire's objections, dismissed the action. Squire timely appealed.
 
 
 5
 This court reviews the district court's grant of summary judgment de novo. Kuhnert v. John Morrell & Co. Meat Packing, 5 F.3d 303, 304 (8th Cir. 1993). This court must determine whether the record, when examined in the light most favorable to the non-moving party, shows no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Johnson v. Enron Corp., 906 F.2d 1234, 1237 (8th Cir. 1990). To successfully oppose a motion for summary judgment, the non-moving party must present sufficient evidence of a dispute over facts that might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).
 
 
 6
 Government officials performing discretionary functions have qualified immunity in their personal capacity so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In Siegert v. Gilley, the Supreme Court announced that the threshold question in analyzing a qualified immunity claim is whether the plaintiff has alleged the violation of a constitutional right. 111 S. Ct. 1789, 1793 (1991).
 
 
 7
 Squire first contends that Harrigan violated his constitutional rights by searching his cell because he was black. As an allegation of an equal protection violation, Squire's claim is without merit. The record reflects that Harrigan searched Squire's cell pursuant to the "lock-up" imposed following the fight. During the "lock-up," prison officials searched all of the cells in Squire's cell block. Squire, therefore, has not been treated differently on account of his race. See United States v. Brown, 9 F.3d 1374, 1376 (8th Cir. 1993). The search of his cell on July 2 stemmed from Palmer observing Squire sew his pillow and believing he might be hiding contraband. Prisoners have no reasonable expectation of privacy in their cells and the Fourth Amendment does not protect them against even unreasonable searches. Hudson v. Palmer, 468 U.S. 517, 525-26 (1984). Prison officials had a legitimate penological interest in security to search Squire's cell on July 2. See Turner v. Safley, 482 U.S. 78, 89 (1987); Goff v. Dailey, 991 F.2d 1437, 1439 (8th Cir.), cert. denied, 114 S. Ct. 564 (1993). Finally, Squire has not alleged that the search amounted to cruel and unusual punishment. See Hudson, 468 U.S. at 530; Scher v. Engelke, 943 F.2d 921, 924-25 (8th Cir. 1991), cert. denied, 112 S. Ct. 1516 (1992). We find, therefore, that the searches of Squire's cell were constitutional.
 
 
 8
 Prisoners have no constitutional right to be housed in the prison of their choice, and prison officials may transfer a prisoner "for whatever reason or for no reason at all." Olim v. Wakinekona, 461 U.S. 238, 250 (1983) (quoting Meachum v. Fano, 427 U.S. 215, 228 (1976)); cf. Goff v. Burton, 7 F.3d 734, 737-38 (8th Cir. 1993) (prison officials can transfer for any reason, except for retaliatory reasons alone). The record reflects that prison officials transferred Squire because he requested a transfer, he engaged in a hunger strike to obtain a transfer, and he had been a considerable drain on staff time due to his failure to adjust to OPH. In addition, Squire has not shown that he was similarly situated with other non-minority inmates requesting transfers. The district court correctly determined no constitutional violation occurred.
 
 
 9
 Next, Squire contends that the defendants violated his constitutional rights when they returned mail to a district court in Georgia marked "Released/Discharged" rather than "Transferred," resulting in the dismissal of that cause of action. Defendants assert that they are not aware, at the time of transfer, where in the federal prison system an inmate will be relocated, and that it is not until that inmate notifies them that they know of his or her new address. A prisoner's constitutional right to send and receive mail may be restricted only for legitimate penological reasons. Thornburgh v. Abbott, 490 U.S. 401, 407 (1989); Phelps v. United States Fed. Gov't, Nos. 92-3760, 92-2685, 1994 WL 17011, at * 4 (8th Cir. 1994). Prison management requires the efficient handling of the enormous volume of mail for former inmates. OPH's policy is narrowly tailored to serve this end: first-class mail is forwarded when a forwarding address exists; when no forwarding address is provided, mail is returned to the sender. OPH's mail policy does not constitute an unconstitutional restriction on Squire's right to receive mail. See Harris v. Bolin, 950 F.2d 547, 548-50 (8th Cir. 1991) (per curiam) (prison officials have no duty to search out former inmates to give them their mail).
 
 
 10
 Squire's claim that defendants wrongfully deducted money for the crime victims fund from his paychecks is without merit. Minnesota law authorizes deductions from inmates making over $50 in a two-week period. See Minn. Stat. Sec. 243.23, subd 3 (1994 Supp.). The record shows that Squire never made more than $50 and Squire has made no more than a bald allegation that prison officials ever deducted any money from his account. Squire, therefore, has no standing to challenge the constitutionality of Minnesota's statute. Cf. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). Likewise, Squire's allegation that the defendants wrongfully seized his property is meritless because he possessed the property in violation of prison regulations.
 
 
 11
 Squire has failed to establish any constitutional violations, and therefore, this court need not consider the secondary issue of qualified immunity. See Cole v. Bone, 993 F.2d 1328, 1334 (8th Cir. 1993); United States v. Swanson, 9 F.3d 1354, 1358 (8th Cir. 1993) (appellate court may affirm district court on any permissible grounds). Finally, as Squire was transferred from OPH to a federal facility, his claims for injunctive and declaratory relief are moot. See Scher v. Chief Postal Inspector, 973 F.2d 682, 683 (8th Cir. 1992) (per curiam).
 
 
 12
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Harry H. MacLaughlin, Senior United States District Judge for the District of Minnesota