Nicky **HARDING**, Plaintiff–Appellee,

v.

Kevin **VILMER**, Defendant–Appellant.

No. 95–2065.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1995.

Decided Dec. 21, 1995.

Erwin O. Switzer, Asst. Atty. Gen., Jefferson City, MO, argued (John R. Munich and John J. Lynch, on the brief), for appellant.

Tamara L. Cummings, St. Louis, MO, argued, for appellee.

Before MAGILL, BRIGHT, and MURPHY, Circuit Judges.

PER CURIAM.

In this 42 U.S.C. § 1983 action, inmate Nicky Harding alleged that corrections officer Kevin Vilmer conducted retaliatory strip and cell searches in violation of the eighth amendment.[1] Harding also stated a number of claims against Vilmer under state law. The district court[2] denied Vilmer's motion for summary judgment on some state law claims and on his qualified immunity defense on the federal claims, finding genuine issues of material fact related to this defense. Vilmer appeals the denial of summary judgment.

There are threshold jurisdictional issues which are dispositive on this appeal. At the time of the incidents it was clearly established that retaliatory searches can form the basis of an eighth amendment claim, *Scher v. Engelke*, 943 F.2d 921, 925 (8th Cir.1991), *cert. denied*, 503 U.S. 952, 112 S.Ct. 1516, 117 L.Ed.2d 652 (1992), and we agree with the district court that genuine issues of material fact remain so that jurisdiction is lacking on this interlocutory appeal on the qualified immunity issue. *Johnson v. Jones*, —— U.S. ——, ——, 115 S.Ct. 2151, 2159, 132 L.Ed.2d 238 (1995). There also is no jurisdiction over Vilmer's attempted appeal from the denial of summary judgment on some of the state law claims. *Swint v. Chambers County Commission* —— U.S. ——, ——, 115 S.Ct. 1203, 1207–08, 131

L.Ed.2d 60 (1995). The appeal is therefore dismissed.

---

1. Harding sued a number of defendants under various theories; all were dismissed other than Vilmer.

2. The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.