**Robert JAEGLY, Jr., Plaintiff–Appellant,**

**v.**

**Matthew COUCH, Bernard Santandria, Paula Breen and City of Albany, Defendants–Appellees.**

**No. 05–2191–CV.**

United States Court of Appeals, Second Circuit.

Feb. 24, 2006.

Kenneth G. Varley, Donohue, Sabo, Varley & Armstrong, P.C., Albany, NY, for Plaintiff–Appellant.

John L. Shea, Saratoga Springs, NY, for Defendant–Appellee Couch.

Stephen J. Rehfuss, Rehfuss, Liguori & Associates, P.C., Latham, NY, for Defendants–Appellees, Santandria, Breen, and City of Albany.

Present: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR, Circuit Judges, and Hon. MARK R. KRAVITZ, District Judge.*

## SUMMARY ORDER

Plaintiff-appellant Robert Jaegly, Jr. appeals from a judgment entered after the district court granted summary judgment to defendants and dismissed his claims under 42 U.S.C. § 1983 for false arrest, malicious prosecution, failure to accept a criminal complaint, and denial of his rights under New York's Freedom of Information Law. We address Jaegly's false arrest claim in a concurrently filed separate opinion. We assume the parties' familiarity with the facts in this case, its relevant procedural history, and the issues on appeal.

## I. Malicious Prosecution

■ The district court granted summary judgment to Officer Matthew Couch on Jaegly's malicious prosecution claim on the ground that probable cause existed to arrest Jaegly for criminal contempt in the first degree and harassment in the second degree and to file a felony complaint charging Jaegly with those crimes. Couch moved for summary judgment on the basis of qualified immunity and thus may prevail

---

* The Honorable Mark R. Kravitz, United States District Judge for the District of Connecticut, sitting by designation.

if he had "arguable" probable cause to charge Jaegly with those crimes. *See Saucier v. Katz*, 533 U.S. 194, 206, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

For the reasons stated in our accompanying opinion with respect to false arrest, we affirm the district court's ruling that Couch had probable cause to initiate a criminal prosecution against Jaegly for harassment in the second degree. *See* Opinion at 6. It is a close question, however, whether Couch had probable cause to initiate a criminal prosecution against Jaegly for criminal contempt in the first degree under New York law, *see* Opinion at 5–6, but we need not decide whether Couch had probable cause, *see Ehrlich v. Town of Glastonbury*, 348 F.3d 48, 59–60 (2d Cir.2003) (holding that courts may decline to make a constitutional determination at the first stage of the qualified immunity inquiry where that determination would be based on an interpretation of uncertain state law). In light of the protective order that resulted from Jaegly's previous threatening conduct, Jaegly's actions in taking photographs in front of the victim's home arguably could be viewed by a reasonable officer as an implicit threat of continued violence. Couch thus had arguable probable cause to file a felony complaint charging Jaegly with first degree criminal contempt, and he is therefore entitled to qualified immunity.

## II. Failure to Accept a Criminal Complaint and Denial of Rights under FOIL

■ We reject also Jaegly's remaining claims. Jaegly has identified no injury resulting from any purported deprivation of his rights secured by the Constitution or laws of the United States caused by the police department's refusal to accept his complaints against Phillip Zeller for which damages would be appropriate. Jaegly was not the victim of the alleged forgery he was reporting in one attempted complaint. With respect to Jaegly's attempted complaint relating to purported mail theft and tampering, responsibility for investigating such complaints lies within the province of the United States Postal Inspection Service, and there is no constitutional right to have postal employees investigate complaints. *See Scher v. Chief Postal Inspector*, 973 F.2d 682, 683 (8th Cir.1992) (per curiam). Moreover, Jaegly has identified no similarly situated individual who was treated differently by police, and thus has adduced no evidence of unequal treatment to sustain an equal protection claim.

■ Finally, to the extent that Jaegly claims that his request pursuant to New York's Freedom of Information Law ("FOIL") was improperly denied, he did not appeal the denial of access to any records via an Article 78 proceeding, and thus has failed to state a violation of his constitutional rights. *See* N.Y. Pub. Off. § 89(4)(b) (providing that a person may appeal the denial of access to a record via an Article 78 proceeding); *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880–81 (2d Cir. 1996) (holding that due process is not violated when a state employee intentionally deprives an individual of property or liberty, so long as the State provides a meaningful postdeprivation remedy, such as an Article 78 proceeding). To the extent that Jaegly claims that Officer Paula Breen failed to give him records to which he had already been granted access pursuant to his FOIL request, the only remedy under FOIL is the disclosure of materials, a remedy Jaegly was entitled to pursue, but did not pursue, via an Article 78 proceeding.

For the foregoing reasons, the judgment of the district court is AFFIRMED.