# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1212

_____

Christopher Shawn Deaton,

*Plaintiff - Appellant*,

v.

Jim Smith, Auditor, Compliance Division of the Board of Corrections; Randy
Watson, Warden, Varner Supermax, ADC; Moses Jackson, Deputy Warden,
Varner Supermax, ADC; Mark Stevens, Commander, Varner Supermax, ADC;
Fredrick D. Gilbert, Corporal, Varner Supermax, ADC; Grant Harris, Chief
Deputy, ADC,

*Defendants - Appellees*.

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: July 5, 2016
Filed: July 26, 2016
[Unpublished]

_____

Before COLLOTON, GRUENDER, and KELLY, Circuit Judges.

_____

PER CURIAM.

Christopher Deaton brought a 42 U.S.C. § 1983 action in which he alleged that, while he was an inmate at the Varner Unit of the Arkansas Department of Correction, officials enforced grooming policy in a manner that constituted "calculated harassment unrelated to prison needs," and amounted to "blackmail." He also complained that officials moved him to punitive housing in retaliation for filing a grievance, and demonstrated deliberate indifference to his health and safety. He appeals after the district court[1] dismissed certain claims under 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies, and granted summary judgment for defendants on the merits as to the remaining claims. Upon careful de novo review of the record, and consideration of the parties' submissions on appeal, we find no basis for reversal. Unlike the inmate plaintiff in *Scher v. Engelke*, 943 F.2d 921, 924 (8th Cir. 1991), who established a claim of "calculated harassment" in violation of the Eighth Amendment when guards conducted numerous unnecessary searches and confiscated property in retaliation for the inmate reporting misconduct by another guard, Deaton was in violation of a prison grooming policy when officials enforced, or threatened to enforce, the rules against him. Deaton's retaliation claim under the First Amendment fails in light of circuit precedent, because there was some evidence that he was in violation of the grooming policy. *Orebaugh v. Caspari*, 910 F.2d 526 (8th Cir. 1990) (per curiam); *see Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008). Accordingly, we affirm. *See* 8th Cir. R. 47B.

---

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Beth Deere, United States Magistrate Judge for the Eastern District of Arkansas.

KELLY, Circuit Judge, concurring in part and dissenting in part.

I concur as to all issues raised on appeal, with one exception. I respectfully disagree with the suggestion that Scher v. Engelke precludes an Eighth Amendment calculated harassment claim merely because a prisoner is actually in violation of a particular prison policy. 943 F.2d at 924 (holding that the evidence regarding the searches of Scher's prison cell showed a "pattern of calculated harassment unrelated to prison needs from which the U.S. Supreme Court has stated that prisoners are protected."). Because I believe Deaton's Eighth Amendment claim has not been properly addressed, I would reverse and remand for further consideration of this claim only.

———————————————