# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1557

_____

Harold Moses Covert

*Plaintiff - Appellee*

v.

James Plummer, Captain (Originally named J Plummer); Mary Lloyd, Lieutenant (Originally names M Lloyd); Laquista Swopes, Sergeant (Originally named L Swopes)

*Defendants - Appellants*

Hampton, Sergeant

*Defendant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: August 2, 2023
Filed: August 18, 2023
[Unpublished]

_____

Before LOKEN, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Prison guards searched Harold Covert's cell right after he called a tipline to report drug activity. Although their comments suggested the search was not a coincidence, we reverse the denial of summary judgment because qualified immunity applies. *See Morgan v. Robinson*, 920 F.3d 521, 523 (8th Cir. 2019) (en banc) (reviewing a district court's summary-judgment determination de novo).

Only when a right is clearly established do officers lose the protection of qualified immunity. *See id.* For a right to meet that standard, it must have been "clear," to "a high degree of specificity," that the officers' actions were "unlawful in the situation [they] confronted." *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018) (citations omitted).

Even assuming the officers violated Covert's constitutional rights, "existing precedent" did not place it "beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). A First Amendment retaliation claim requires an "adverse action . . . that would chill a person of ordinary firmness from continuing." *Molina v. City of St. Louis*, 59 F.4th 334, 338 (8th Cir. 2023) (alteration in original) (citation omitted). There is no case or "robust consensus . . . of persuasive authority" that would have put the officers on notice that a one-time cell search violated the First Amendment. *Wesby*, 138 S. Ct. at 590 (citation omitted); *cf. Scher v. Engelke*, 943 F.2d 921, 923–24 (8th Cir. 1991) (holding that ten retaliatory searches over nineteen days, three of which "left the cell in disarray," could be a violation). And it is far from "obvious," *Wesby*, 138 S. Ct. at 590 (citation omitted), that a single search would chill an inmate's speech to that degree. They are, after all, a routine part of prison life and "essential" to security. *Hudson v. Palmer*, 468 U.S. 517, 529 (1984).

In short, the search was not clearly unconstitutional even if Covert's call was the reason for it. We accordingly reverse the district court and remand for the entry of summary judgment.

_____