**Hugh SAWYER, Appellant,**

v.

**ATLANTIC DISCOUNT CORPORATION, a corporation under the laws of the State of North Carolina, Norman C. Hopkins, Appellees.**

No. 15331.

United States Court of Appeals, Fourth Circuit.

May 14, 1971.

Hugh Sawyer, pro se.

Dewey W. Wells (LeRoy, Wells, Shaw, Hornthal & Riley), Elizabeth City, N. C., for appellees.

Before HAYNSWORTH, Chief Judge, and SOBELOFF* and BOREMAN, Circuit Judges.

Per Curiam:

This case is before us on two motions made by the defendants. They first filed a motion to have the plaintiff's appeal dismissed for failure to perfect a timely appeal; and second, they have moved for summary affirmance of the judgment below. Although irregularities existed in the manner of the plaintiff's appeal, this court refuses to dismiss the appeal, but, for the reasons set out below, we conclude that the District Court was correct in ruling for the defendants on the merits, and, therefore, affirm summarily.

The complaint alleges both libel and slander by the corporate and personal defendants. The matter proceeded to trial on July 30, 1970. After hearing all the evidence, the District Court directed a verdict for the defendants and ruled that summary judgment, on which he had reserved action, was appropriate. The Court's signed judgment was not entered by the clerk until August 4, however. On August 13, the plaintiff, acting *pro se*, mailed several motions which tolled the time allowed for an appeal. By order filed August 25, the District Court dismissed these motions as being made outside the ten-day time limit prescribed by Rule 59 of the Federal Rules of Civil Procedure. In thus disposing of the motions, the District Court misconstrued Rule 59, for the ten days provided therein did not commence until the entry of judgment by the clerk on August 4.

The plaintiff served a timely notice of appeal from the dismissal of the post-trial motions, but his notice of appeal from the judgment itself was so

* Senior Judge.

late that even a tolling from August 13 to August 25 would not bring the notice of appeal within the allotted thirty days. Although an appeal should be taken from a judgment and not a denial of subsequent motions, we are disposed in the present case to consider the case on the merits as having been raised by the timely appeal on the post-judgment motions. This is the same procedure that was followed in Livergood v. S. J. Groves & Sons Co., 3rd Cir., 361 F.2d 269.

The plaintiff alleges two defamatory communications addressed to his recently divorced wife. The first of these occurred when Mrs. Sawyer called the office of the defendants to ascertain the whereabouts of the title certificate for a Volkswagon automobile which she possessed. The defendant Hopkins informed her that he had the title but was reluctant to deliver it to her because Mr. Sawyer had not paid a deficiency on a Chrysler automobile which had been financed by the defendant corporation. The second alleged defamation was part of a letter from Mr. Hopkins replying to an inquiry by Mrs. Sawyer about the conditions surrounding her ex-husband's indebtedness. The offending portion of that response was as follows: "We regret that you have been misinformed by Mr. Sawyer regarding the status of his account with us, and we trust that this letter will clarify the matter for you."

The plaintiff contends that these communications defame his honesty and business capacity since he claims the debt had been fully paid. The defendants reply that there remained a deficiency after the car was repossessed and sold. The answer to this disputed question depends upon the extent of the defendant's compliance with state foreclosure laws. The District Court did not consider it necessary to decide that issue; nor do we. Having considered the record and briefs, we hold that the trial court acted properly in dismissing this case on the merits after hearing all the testimony related to the nature of the language used, the circumstances under which they were uttered, and the lack of any aggravating conditions. The communications to Mrs. Sawyer, who initiated each exchange and had an interest therein, were protected by an unabused qualified privilege. The law of both North Carolina, the place of utterance, and Virginia, the state in which the divorced wife received the communications, is well established in this respect. "If the speaker of the alleged slanderous words has an interest or duty in the subject-matter of the conversation, and the hearer has an interest or duty with respect to the subject-matter of the conversation, then the doctrine of qualified privilege applies." Hartsfield v. Harvey C. Hines Co., 200 N.C. 356, 157 S.E. 16. And see Kroger Company v. Young, 210 Va. 564, 172 S.E.2d 720.

Affirmed.