898 F.2d 625
 Gary L. BLANKENSHIP, Appellant,
Richard L. Campbell,
v.
Frank O. GUNTER, Director, Nebraska Department of
Correctional Services; Harold W. Clarke, Warden, Nebraska
State Penitentiary; Mario Peart, Associate Warden, Nebraska
State Penitentiary, in their individual and official
capacities, Appellees.
Roy K. LYMAN, Appellant,
v.
Bob BENSON (U S II), John Eggers (U # 4Mgr.), Harold Clarke
(Warden), Appellees.
 Nos. 89-1226, 89-1445.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 12, 1989.
Decided March 13, 1990.
 
 Gary L. Blankenship, pro se.
 Robert R. Otte, Lincoln, Neb. (Court-appointed), for appellant.
 Yvonne E. Gates, Lincoln, Neb., for appellees.
 Before FAGG, Circuit Judge, HEANEY and BRIGHT, Senior Circuit Judges.
 BRIGHT, Senior Circuit Judge.
 
 
 1
 In this civil rights action under 42 U.S.C. Sec. 1983 (1982), Gary L. Blankenship, an inmate at the Nebraska State Penitentiary, challenges a prison regulation that prohibits inmates from using monies in their Inmate Trust Fund accounts for religious donations. The district court[1] granted summary judgment in favor of defendants Frank O. Gunter, Director of the Nebraska Department of Correctional Services, and two officials of the Nebraska State Penitentiary. Blankenship v. Gunter, 707 F.Supp. 1137 (D.Neb.1988).
 
 
 2
 In a separate action challenging the same regulation, inmate Roy K. Lyman appeals an unpublished district court order dismissing his complaint against Unit Supervisor Bob Benson and other officials of the Nebraska State Penitentiary for failure to state a claim. On appeal, both Blankenship and Lyman contend that the prison authorities unreasonably restricted their right to free exercise of religion.[2] We affirm.
 
 I. BACKGROUND
 
 3
 In November 1987, inmate Gary Blankenship submitted a request to send $12.00 from his prison-sponsored savings account, the Inmate Trust Fund, to a church pastor in Omaha, Nebraska. Prison authorities denied Blankenship's request relying on a recent, unreported decision of the state district court for Lancaster County, Nebraska. Meis v. Grammer, No. 397-209 (Neb. Dist. Ct. Aug. 31, 1987). In Meis, the state district court held that prison authorities could regulate the nature of inmate expenditures from Inmate Trust Fund accounts in accordance with certain restrictions imposed on the use of such monies by Nebraska law, see Neb.Rev.Stat. Sec. 83-183(3) (1987). The state district court applied its ruling to monies derived from both personal resources and prison wages. The Nebraska Supreme Court later affirmed this decision, although on somewhat narrower grounds. Meis v. Grammer, 226 Neb. 360, 411 N.W.2d 355 (1987). In essence, the Nebraska Supreme Court held that the prison's legitimate security interest in prohibiting gambling, drug purchases and coerced expenditures justified the restrictions on inmate spending under the facts presented by that case. Meis, 411 N.W.2d at 357.[3]
 
 
 4
 Following the denial of his request, Blankenship instituted this action under 42 U.S.C. Sec. 1983 alleging improper infringement of his right to free exercise of religion, denial of equal protection and deprivation of property without due process in violation of the first and fourteenth amendments to the United States Constitution.[4] Shortly thereafter, prison authorities moved for summary judgment. In support of their summary judgment motion, the prison authorities submitted Operational Memorandum 113.002.112 which read, in relevant part:
 
 
 5
 As provided by Statute and Agency regulations, inmates may withdraw funds to assist with family support, make necessary purchases in the Canteen and from approved vendors, or for deposit in interest bearing accounts in designated financial institutions. Funds may also be used for legal-related matters to include copying fees, postage, filing fees, attorney fees, court costs, damages, judgments, and the like.
 
 
 6
 Record at 98. In addition, the Operational Memorandum permitted withdrawals for family assistance, purchase of approved vendor items such as catalog materials and hobby crafts and for deposit in interest bearing accounts outside the prison.
 
 
 7
 The federal district court granted the summary judgment motion in favor of prison authorities in December 1988. In ruling on the motion, the district court concluded that the regulation passed constitutional muster under Turner v. Safley, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), because: (1) the restriction was rationally related to legitimate prison security interests in controlling illegal activities; (2) requiring the prison to investigate the legitimacy of every requested donation or recipient organization would impose too great a burden; and (3) alternative means existed for inmates to make donations because inmates could send funds to family members for this purpose or open accounts outside the institution over which the prison would have no control. In addition, the district court rejected Blankenship's equal protection and deprivation of property without due process claims.
 
 
 8
 Blankenship appealed pro se but did not renew the equal protection claim. In addition, Blankenship focused entirely on matters outside the record in his due process arguments. These issues, therefore, are not properly before this court.
 
 
 9
 On October 20, 1988, prison authorities denied inmate Roy Lyman's request to send $3.00 from his Inmate Trust Fund account to Billy Graham. Lyman instituted this action alleging improper infringement on his first amendment right to free exercise of religion. The district court dismissed Lyman's complaint in February 1989 based on its holding in Blankenship v. Gunter. Lyman's timely appeal followed.
 
 
 10
 On our own motion, we consolidated these cases for the purposes of appeal and appointed counsel to represent Blankenship and Lyman.[5] For the reasons discussed below, we affirm both the judgment against Blankenship and the order dismissing Lyman's complaint.
 
 II. DISCUSSION
 
 11
 Counsel for the inmates admits that no disputed facts exist and does not request reversal on this ground. Instead, appointed counsel contends that (1) the district court erred as a matter of law in concluding that Blankenship failed to establish a first amendment violation under Turner v. Safley, and (2) the dismissal of Lyman's case must be reversed because it was based on the district court's erroneous ruling in Blankenship. We disagree.
 
 
 12
 A prison regulation which infringes on an inmate's constitutional rights retains validity if it is reasonably related to legitimate penological interests. Safley, 482 U.S. at 89, 107 S.Ct. at 2261. The following considerations are relevant in determining the reasonableness of a challenged regulation: (1) whether the regulation possesses a valid connection with the legitimate governmental interest put forth to justify it; (2) whether inmates have other avenues for exercising the right; (3) the impact on the inmate population and prison staff of accommodating the right; and (4) the availability of feasible, ready alternatives. Safley, 482 U.S. at 89-91, 107 S.Ct. at 2261-63; Salaam v. Lockhart, 856 F.2d 1120, 1122 (8th Cir.1988). Additionally, we focus our inquiry on the legitimacy of the policy as a whole, notwithstanding the possibility for infringement on constitutional rights in a particular case. See generally O'Lone v. Estate of Shabazz, 482 U.S. 342, 348-53, 107 S.Ct. 2400, 2404-07, 96 L.Ed.2d 282 (1987) (prison's labor policy upheld despite adverse impact on free exercise of religion for Muslim inmates).
 
 
 13
 We first address the summary judgment against Blankenship. Prison officials may properly regulate inmate practices that present a potential threat to institutional security. Butler-Bey v. Frey, 811 F.2d 449, 451 (8th Cir.1987). In the present case, the prison authorities based their refusal to permit religious donations on the Nebraska courts' holdings in Meis. Meis, in a word, authorized prison authorities to restrict inmate withdrawals from Inmate Trust Fund accounts based on a legitimate security concern for preventing gambling, contraband and coerced expenditures. The record further indicates that Blankenship was aware of the Meis case and the security rationale behind the restriction on inmate spending.[6] Nevertheless, Blankenship failed to produce or point to any evidence that would undermine the legitimacy of the security interest asserted or its relevance to the context of religious donations. Appointed counsel raises such contentions for the first time on appeal.
 
 
 14
 Moreover, Blankenship failed to dispute evidence that inmates could send religious donations through other routes. According to Operational Memorandum 113.002.112, prison authorities permitted inmates to place money in accounts outside the penitentiary. Blankenship made no suggestion that such accounts could not be used for religious donations. To the contrary, materials Blankenship submitted to supplement his complaint admitted that the prison placed no restrictions on inmate spending of monies in outside accounts. Although appointed counsel now contends that such accounts lack feasibility for most inmates, Blankenship failed to raise this issue in the district court.[7]
 
 
 15
 In addition, notwithstanding appointed counsel's present assertion that prison authorities could accommodate withdrawals for religious donations with little or no effort, Blankenship failed to suggest any reasonable, less restrictive alternative to the district court. We reject the notion that prison officials must first anticipate and then refute every conceivable alternative method of accommodating inmate constitutional complaints in order to withstand a court's reasonableness inquiry. Estate of Shabazz, 482 U.S. at 350, 107 S.Ct. at 2405.
 
 
 16
 For the above reasons, we affirm the district court judgment granting the motion for summary judgment by prison authorities. We, therefore, also affirm the district court order dismissing Lyman's complaint. Appointed counsel conceded that no dispute existed as to the facts, and Lyman submitted nothing in support of his complaint suggesting otherwise. As a consequence, Lyman's claim, based solely on the facts Blankenship presented, could not succeed as a matter of law.
 
 III. CONCLUSION
 
 17
 We affirm both the district court judgment granting the summary judgment motion against Blankenship and the order dismissing Lyman's complaint for failure to state a claim under 42 U.S.C. Sec. 1983.
 
 
 
 [1]
 The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska
 
 
 [2]
 In addition, both Lyman and Blankenship raise a number of issues pro se which we do not address because they either failed to raise these issues in the district court or have based their arguments in matters outside the record
 We also decline to address appellees' contentions, raised for the first time on appeal, that (1) Blankenship failed to exhaust available administrative remedies, and (2) tithing does not constitute a sincerely held religious belief.
 
 
 [3]
 Meis involved an inmate request to send money to an alleged friend for the payment of an unverified debt. Thus, the Nebraska Supreme Court's holding did not specifically address the issue of religious donations
 
 
 [4]
 Another inmate, Richard Campbell, was initially a party to this action but does not join this appeal
 
 
 [5]
 This court appreciates the efforts of appointed counsel in presenting the appellants' case on appeal
 
 
 [6]
 In fact, a copy of the inmate brief in Meis has been included in the record for this case at Blankenship's request
 
 
 [7]
 We do note here, however, that the district court likely erred in summarily concluding that inmates could send religious donations through family members. Indeed, the Operational Memorandum submitted by prison authorities explicitly cautions that "[f]unds transmitted for the purpose of family assistance are intended to be used by the recipient and will not be signed over to another individual." Record at 98. The district court's conclusion does not rise to the level of reversible error, however, because the existence of the outside account option rendered the family member alternative superfluous