**Mack HARRIS, Plaintiff–Appellant,**

v.

**James BOLIN, Pope County Sheriff, Defendant–Appellee.**

**No. 90–2048.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1991.

Decided Dec. 2, 1991.

Stephen W. Jones, Little Rock, Ark., argued, for plaintiff-appellant.

Ralph C. Ohm, Hot Springs, Ark., argued (John M. Bynum, Russelville, Ark., on brief), for defendant-appellee.

Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

Mack Harris appeals a district court[1] judgment dismissing his civil rights action, under 42 U.S.C. § 1983 (1988), in which he sought monetary damages from prison officials, who opened and retained his nonprivileged mail. He also challenges the district court's denial of his request for appointed counsel and denial of his motion to amend the complaint.

## I. BACKGROUND

Following his arrest in 1987, Harris was detained at the Pope County Detention Center (Detention Center) and later released. After Harris' release, an item of mail, addressed to Harris, arrived at the Detention Center. Pursuant to Detention Center policy, a Detention Center administrator opened and examined Harris' nonprivileged mail, then determined that it was obscene and not deliverable. The administrator instructed the jailor to notify Harris about the mail and that it was not deliverable. Upon learning that Harris was no longer incarcerated at the Detention Center and in the absence of a forwarding address, the administrator placed the mail in Harris' personal file.

Later in 1987, Harris was again incarcerated at the Detention Center. Officials did not give him the item of mail because of its obscene content. Harris was subsequently moved to the Arkansas Department of Corrections (ADC).

In November of 1988, while Harris was incarcerated at the ADC, another item of

---

1. The Honorable George Howard, Jr., United States District Judge for the Eastern and Western Districts of Arkansas.

mail addressed to Harris arrived at the Detention Center. Officials opened this mail and determined that it was obscene. Knowing of Harris' incarceration at the ADC, an officer at the Detention Center placed photocopies of this mail in Harris' personal file and returned the mail to the sender.

Harris first learned of the withheld items of mail when copies thereof appeared as defense exhibits in a different lawsuit filed by Harris. Harris then filed this section 1983 action seeking $100,000 in damages for violation of his constitutional rights. The district court denied Harris' request for appointed counsel because of the straightforward factual nature of the case and the lack of any complex issues requiring counsel.

The magistrate judge held an evidentiary hearing. Thereafter, the magistrate judge issued findings and a recommendation for dismissal on the grounds that the opening and retention of Harris' mail was "reasonably related to legitimate penological interests." *Harris v. Bolin*, No. 89–198, at 3 (E.D.Ark. Apr. 17, 1990) (Young, Mag. J., Findings and Recommendation) (quoting *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987)). The magistrate judge's findings included the following statements:

> The jail administrator, Jay Winters, was the official who examined the plaintiff's mail [initial mailing], and he was unaware that plaintiff was not housed in the detention facility at that particular time. He, therefore, gave the items to the jailers with instructions to place them in plaintiff's personal file and to notify the plaintiff that he could not receive the items while in the Pope County Detention Center. The jailers advised Winters that the plaintiff was not incarcerated in the detention facility at that time, and the mail was simply placed in plaintiff's file.
>
> . . . .
>
> In November of 1988, another item of mail addressed to the plaintiff was received. It was examined pursuant to the above policy and placed in plaintiff's personal file since he was then in the ADC [Arkansas Department of Corrections].

It was the understanding of the defendant that the ADC would not permit inmates to have obscene materials such as Defendant's Exhibits A and B, and therefore, the mail was not forwarded to the plaintiff.

. . . .

> The jail administrator explained that the items had to be inspected for contraband for obvious security reasons. Furthermore, with regard to not delivering these particular sexually explicit items, Winters explained that this type of material often causes fights, increased sexual activity, and destruction of county property (when they are taped or otherwise affixed to the walls). These are legitimate penological concerns. The jail administrators are entitled to considerable deference in implementing this sort of valid policy. *See, e.g., Thornburgh v. Abbott, et al.* [490 U.S. 401, 415–19, 109 S.Ct. 1874, 1882–85, 104 L.Ed.2d 459 (1989)].

*Harris v. Bolin*, No. 89–198, at 2–3 (E.D.Ark. Apr. 17, 1990) (Young, Mag. J., Findings and Recommendation).

The district court adopted the magistrate judge's findings and recommendation. Relying on *Turner* and *Abbott*, the district court ordered dismissal of the lawsuit. Harris submitted a motion to amend one day prior to the issuance of the district court's order, which the district court dismissed as untimely. Harris then filed this appeal.

## II. DISCUSSION

### A. *Violation of Constitutional Rights*

Without challenging the district court's determination that the prison policy did not impermissibly restrict Harris' first amendment rights under *Turner* and *Abbott,* Harris contends that the failure of Detention Center officials to notify him about the items of mail constituted a denial of procedural due process.

■ Harris does not challenge the prison official's determination that the mail is obscene. The reasoning of the magistrate judge, adopted by the district court, suffices to uphold the Detention Center's policy

of screening mail and retaining obscene articles as not violative of Harris' first amendment rights as a prisoner. *See Blankenship v. Gunter*, 898 F.2d 625, 627–28 (8th Cir.1990) (prison regulations prohibiting the donation of prison trust fund monies to religious entities do not violate inmates' first amendment rights); *Carpenter v. South Dakota*, 536 F.2d 759 (8th Cir. 1976), *cert. denied*, 431 U.S. 931, 97 S.Ct. 2636, 53 L.Ed.2d 246 (1977) (upholding ban on inmates' receipt of sexually explicit materials). The Supreme Court, in *Thornburgh v. Abbott*, 490 U.S. 401, 415–19, 109 S.Ct. 1874, 1882–85, 104 L.Ed.2d 459 (1989), held that a policy, which allows prison officials to reject incoming mail deemed detrimental to security, does not violate the first amendment. In *Holloway v. Pigman*, 884 F.2d 365, 367 (8th Cir.1989), we upheld the reasonableness of prison regulations, which allow officials to return to the sender mail that violates prison regulations, without allowing inmates to protest.

■ The Detention Center administrator, who opened Harris' first item of mail, was unaware of Harris' release. Consistent with prison policy he inspected Harris' mail. After instructing a jailor to notify Harris about the mail, the administrator was informed that Harris had been released. Harris had left no forwarding address, so the mail was filed in his personal file. Detention Center officials had no duty to seek out Harris, in order to give him his mail.

The second item of mail, which arrived while Harris was incarcerated at the ADC, could not be forwarded without a forwarding address. The mail handlers at the Detention Center knew that ADC's policy would not permit Harris to have the mail. Thus, the mail personnel properly marked the mail "Return to sender," and retained copies in Harris' personal file.

■ The withholding of Harris' mail by Detention Center officials and their failure to notify Harris of the mail, even during the time that he was later incarcerated at the Detention Center, violated no constitutional right. Thus, failure to notify Harris of the withheld mail did not rise to the level of a deprivation of procedural due process. At best, it may have been negligent.

### B. *Refusal to Appoint Counsel*

■ Harris contends that the district court erred in denying his motion for the appointment of counsel.

Acting pro se, Harris adequately presented the evidence and issues to the district court. The district court addressed the merits of the complaint in ordering dismissal. The district court acted within its discretion in denying Harris' motion for appointment of counsel. *See Tisdale v. Dobbs*, 807 F.2d 734, 737 (8th Cir.1986); *Johnson v. Williams*, 788 F.2d 1319, 1322–24 (8th Cir.1986).

### C. *Refusal to Allow Amendment of Complaint*

■ Harris contends that the district court erroneously denied his motion to amend his complaint in order to name additional parties to the lawsuit.

The alleged error, if any, amounts to harmless error, inasmuch as the district court adjudicated the issues on their merits.

### III. CONCLUSION

We affirm the district court's judgment in all respects.