989 F.2d 505
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Barry Dewayne Lee LONDON, Appellant,
v.
CO-1 S. KELLEY; CO-1 D. Oliver, Appellees.
 No. 92-1822.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 9, 1992.
Filed: March 22, 1993.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Barry Dewayne Lee London, an Arkansas inmate, appeals the District Court's[1] entry of judgment for defendants in his 42 U.S.C. § 1983 (1988) action. We affirm.
 
 
 2
 London claimed that prison guards Kelley and Oliver failed to protect him and used excessive force when stopping a fight between himself and another inmate, Bennett. The court denied London's motion for appointment of counsel, stating that the factual allegations were not complex, the legal issues were not novel or complex, and appointment of counsel would not benefit London or the court. At the trial, the magistrate judge explained the proceedings and told London to ask him for help if he needed it.
 
 
 3
 Inmate Lee testified that he heard "a lot of commotion" coming from the shower area on the day of the incident and saw London come through with a bloody hand. Inmate Brown testified that he remembered he was ordered to take pictures of London's injuries, and that he had noticed London's hand was bruised. Inmate Williams testified that London told the officers he could not shower with Bennett because they had fought previously; Oliver was taking London and him to the shower when they encountered Bennett; Bennett swung at London first; and Kelley beat London with a stick when London tried to defend himself.
 
 
 4
 London testified that Oliver did not ask him if he could shower with Bennett before he took him to the shower; and that, when he saw Bennett, Bennett "flinched like he was going to hit" him, and London "cracked him." London testified that, as he was getting ready to hit Bennett again, he was struck in the back. He testified that, after he yelled that the fight was over and he was "cool," Kelley continued to hit him with a riot stick. London further testified that he was taken to the infirmary where he was treated for bruises on his shoulder, chest, arm, and back, but not for those on his legs; Brown took pictures of his hand, shoulder, and forearm; and the doctor stitched his hand. London agreed to the introduction of the medical incident report filed after the fight, which showed that he was treated for a small contusion to the right shoulder and a small laceration in the web of the left hand which, because of the position of the cut, had to be stitched.
 
 
 5
 Kelley testified that he and Oliver took Bennett and London to the showers together because their cellmates had both refused to shower; neither London nor Bennett objected to showering at the same time; after London's restraints were removed at the shower, London struck Bennett; the inmates wrestled to the floor; and he and Oliver separated them. Kelley stated that Oliver put Bennett in restraints, but that, when he tried to restrain London, London resisted. Kelley testified that he struck London once with a riot baton only after London had struck him twice and refused to obey two direct orders to turn around; Oliver threw London on the floor, and he and Oliver restrained London. Kelley testified that he then noticed that London's hand was bleeding; he added that he had snatched back the riot stick when London tried to grab it from him. He testified that he took London to the infirmary where the doctor stitched his hand. Kelley also testified that he decided to use the riot baton because they were in punitive and he was trying to settle the situation as quickly as possible. Oliver corroborated Kelley's testimony.
 
 
 6
 The magistrate judge determined that London did not show by a preponderance of the evidence that the officers failed to protect him or that they used excessive force. He accepted defendants' testimony that they used force only to break up a fight started by London. On appeal, London argues that the magistrate judge abused his discretion in not appointing counsel and clearly erred in his factual findings on the merits.
 
 
 7
 After careful review of the record, we find that the magistrate judge's findings regarding London's excessive-force and failure-to-protect claims were not clearly erroneous. See Fed. R. Civ. P. 52(a); Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985). We also determine that the magistrate judge did not abuse his discretion in denying appointment of counsel. See Harris v. Bolin, 950 F.2d 547, 550 (8th Cir. 1991) (per curiam).
 
 
 8
 Accordingly, we affirm the judgment of the District Court.
 
 
 
 [1]
 The Honorable Magistrate Judge Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c) (1988 & Supp. II 1990)