46 F.3d 1126
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gary SLEZAK, Plaintiff-Appellant,
v.
Parker EVATT, Commissioner, South Carolina Department of
Corrections; Lester Hinson, Jr., Lieutenant; Laurie F.
Bessinger, Warden, Kirkland Correctional Institution; Mrs.
Farmer, Officer, in their individual and official collective
capacities, Defendants-Appellees.
 No. 93-6641.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 15, 1994.
Decided Jan. 12, 1995.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. William B. Traxler, Jr., District Judge. (CA-90-2640).
 Gary Slezak, Appellant Pro Se. William Henry Davidson II, ELLIS, LAWHORNE, DAVIDSON, SIMS, MORRISON & SOJOURNER, P.A., Columbia, SC, for Appellees.
 D.S.C.
 AFFIRMED.
 Before WIDENER, MURNAGHAN, and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Gary Slezak appeals from the district court's order denying relief on his 42 U.S.C. Sec. 1983 (1988) complaint. We find that his claims are meritless; consequently, we affirm.
 
 
 2
 This case has a long and difficult history. On November 5, 1990, Slezak, a South Carolina state inmate at the Kirkland Correctional Institution, filed a lengthy complaint against several prison officials and the Commissioner of the South Carolina Department of Corrections. He asserted numerous claims, including an argument that Defendants had denied him access to courts. Slezak sought injunctive and monetary relief. Defendants filed their answer on February 27, 1991.
 
 
 3
 On April 8, 1991, Slezak filed a motion for leave to file an amended complaint.[1] Defendants filed a partial motion to dismiss and a memorandum in opposition to the motion to amend. Defendants stated that all of Slezak's claims challenging the conditions of confinement, such as his claims concerning access to mail, courts, the law library, and education services, were addressed in the consent decree in Plyler v. Evatt, No. 3:82-876-2K, and therefore could not be raised in this action.[2]
 
 
 4
 The magistrate judge filed his first report and recommendation on December 6, 1991. He recommended that all of Slezak's claims concerning the conditions of confinement be dismissed on the grounds that these claims were covered by the Plyler v. Evatt consent decree to which Slezak was a party and therefore Slezak could not relitigate them. Slezak filed objections, asserting that some of his claims never were litigated in Plyler. Specifically, he said the claims in "paragraph 38 p. 17 and subsection 13,13 p. 18" had not been asserted in Plyler. These passages were in Slezak's proposed amended complaint, rather than in his original complaint. Paragraph 38, page 17, asserted claims of inadequate housing, overcrowding, inadequate mental health care, unfair classification, and inadequate staffing. Subsection 13, 13, page 18, alleged that Defendants violated the South Carolina Constitution by utilizing the Omnibus Criminal Justice Improvement Act ("OCJA"), 1986 S.C. Acts 2955. Slezak also asserted in his objections to the magistrate judge's report that he has been denied meaningful access to courts.
 
 
 5
 Finding that Slezak's objections had "narrowed the issues in the case," on August 12, 1992, the district court issued an order remanding the case to the magistrate judge for a redetermination of the effects of Plyler on the allegations in "paragraph 38, p. 17, and subsection 13, 13 p. 18,"[3] denying the motion to dismiss as to the portion of the complaint alleging denial of access to courts, and dismissing "all other allegations in the complaint and amended complaint."
 
 
 6
 In response to the district court's order, the magistrate judge ordered Defendants to respond within twenty days to Slezak's allegations in paragraph 38 of his original complaint. This paragraph alleged that Defendants illegally used restraining devices on Slezak.
 
 
 7
 After Defendants responded by filing a summary judgment motion, Slezak filed objections to the magistrate judge's order, asserting that the district court's August 12, 1992, order granted his April 8, 1991, motion to amend, and that the court's order remanded for consideration of paragraph 38, page 17, and subsection 13, 13, page 18, of the amended complaint. He noted that neither the magistrate judge nor Defendants had addressed these claims.
 
 
 8
 On January 8, 1993, the district court entered an order explaining its August 12, 1992, order. When the court remanded for "a redetermination of the effects of Plyler upon the allegations in 'paragraph 38, p. 17 and subsection 13,13 p. 18,' " the court was not granting a motion to amend, but rather was seeking a clarification of whatever claims Slezak was asserting had not been adjudicated in Plyler. The court had been unable to locate these claims in the complaint--it did not realize that these provisions were in the proposed amended complaint. After Slezak filed his objections to the magistrate judge's order, the court realized that the provisions Slezak had been referring to were in a proposed amended complaint that was not a part of the record and that the court had never seen. The court directed Slezak to send it a copy of the proposed pleading and, after Slezak complied, the court remanded "the case to the magistrate judge for a redetermination of the effects of Plyler upon allegations in paragraph 38 p. 17 and subsection 13,13 p. 18 of the amended complaint." It stated that its August 1992 order in all other respects still was in effect. The court did not expressly grant or deny the motion to amend.
 
 
 9
 On February 4, 1993, the magistrate judge issued another report and recommendation. He recommended: (1) granting the motion to amend the complaint only as to paragraph 38, page 17, and subsection 13, 13, page 18, of the proposed amended complaint; (2) dismissing the claims in paragraph 38, page 17, as precluded by the Plyler consent decree; and (3) dismissing the claims in subsection 13, 13, page 18, as concerning only state law.
 
 
 10
 Slezak filed objections to the third report, complaining that the magistrate judge did not address all the claims in his amended complaint. He also denied that his paragraph 38, page 17, claims were covered by the Plyler consent decree.
 
 
 11
 On April 20, 1993, the district court entered its final order. It rejected Slezak's argument that all the claims in his amended complaint should now be considered, but allowed the motion to amend as to paragraph 38 and subsection 13, 13.
 
 
 12
 The court found that the claims in paragraph 38, page 17, were indeed covered by Plyler and therefore were barred, and that Slezak's claim that he was denied meaningful access to courts was meritless. Because it denied all federal claims, the court declined to exercise supplemental jurisdiction over the state claims in subsection 13, 13, page 18. Thus, the court granted the motion to amend Slezak's complaint to include paragraph 38 and subsection 13, 13, dismissed the claim in paragraph 38 with prejudice, but dismissed the claims in subsection 13, 13 without prejudice, declining to exercise supplemental jurisdiction over them, and held that this case would not have a res judicata or collateral estoppel effect on the remaining claims in the proposed amended complaint.
 
 
 13
 Slezak filed a Fed.R.Civ.P. 59(e) motion to vacate the April 20, 1993, judgment, which the district court denied. Slezak timely appealed the denial of his motion to vacate, but did not appeal the earlier orders.
 
 
 14
 Slezak's notice of appeal specifically states that he is appealing from the denial of his Rule 59(e) motion. Where the notice of appeal designates specific rulings being appealed, this Court has no jurisdiction to review other judgments or issues which are not specifically referred to or impliedly intended for appeal. Foster v. Tandy Corp., 828 F.2d 1052, 1059 (4th Cir.1987). However, because "an appeal should be taken from a judgment and not [from] a denial of subsequent motions," we construe Slezak's appeal to be an appeal of the district court's April 20, 1993, order, rather than just an appeal of the denial of his Rule 59 motion seeking to vacate that order. Sawyer v. Atlantic Discount Corp., 442 F.2d 349, 351 (4th Cir.), cert. denied, 404 U.S. 882 (1971).
 
 I. Denial of Motion to Amend
 
 15
 Slezak charges that the district court should have granted his April 8, 1991, motion to amend his complaint. Neither the magistrate judge nor the district court ever granted Slezak's April 8, 1991, motion to amend his complaint. In its April 20, 1993, order, the district court mistakenly states that the magistrate judge denied the motion to amend on November 5, 1992. However, on that date, the magistrate judge denied Slezak's motion to file a different supplemental complaint. The district court's April 20, 1993, order, however, implicitly denies the April 8, 1991, motion to amend by refusing to consider any of its claims except those in paragraph 38, page 17, and subsection 13, 13, page 18, and by stating that its order would not have res judicata or collateral estoppel effect on the remaining claims in the proposed amended complaint if Slezak sought to assert them in a new action.
 
 
 16
 Federal Rule of Civil Procedure 15(a) provides in part:
 
 
 17
 A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.
 
 
 18
 (emphasis added). Slezak filed his motion to amend after Defendants filed their answer; therefore, he could amend his complaint only by leave of the court or by consent of the adverse parties. Defendants did not consent to amendment of the complaint.
 
 
 19
 Although Rule 15(a) mandates that leave to amend pleadings should be granted freely where justice requires, "[m]otions to amend are committed to the discretion of the trial court." Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir.1991). A district court may deny a motion to amend a pleading "where the motion has been unduly delayed and where allowing the amendment would unduly prejudice the non-movant." Deasy v. Hill, 833 F.2d 38, 40 (4th Cir.1987), cert. denied, 485 U.S. 977 (1988) (citations omitted).
 
 
 20
 We find no undue delay. Although Slezak initially failed to submit a copy of his proposed amended complaint with his motion to amend, he sent a copy to Defendants and apparently also promptly sent a copy to the district court. Somehow the copy sent to the court was lost. Furthermore, it does not appear that Defendants would have been prejudiced by the filing of the amended complaint because it related to the same matters covered by the original complaint, namely conditions at the Kirkland Correctional Institution.
 
 
 21
 Even if Slezak should have been given leave to amend his complaint, however, the failure to do so amounted to harmless error. Cf. Harris v. Bolin, 950 F.2d 547, 550 (8th Cir.1991) (denial of motion to amend complaint harmless where court reviews claims on the merits). The district court expressly stated that the current case will have no res judicata or collateral estoppel effect on the claims if Slezak opts to assert them in a new action. Furthermore, as the claims Slezak seeks to assert challenge ongoing prison conditions, there is no statute of limitations problem.
 
 
 22
 II. Effect of Plyler on Claims in Paragraph 38, Page 17
 
 
 23
 In May 1982, South Carolina state inmates brought an action challenging the living conditions in the state's prisons. In February 1985, the district court issued an order certifying a class action with the class consisting of "adult prisoners committed to the [South Carolina Department of Corrections] and those who would be committed in the future." Plyler v. Leeke, No. 3:82-876-2, 1986 WL 84459, at * 3 (D.S.C. Mar. 26, 1986) (unpublished). Eventually the parties entered a consent decree which was approved by Judge Houck of the United States District Court for the District of South Carolina. Slezak does not dispute that he is a plaintiff class member in the Plyler consent decree.
 
 
 24
 Contrary to his argument, the claims in paragraph 38 of the proposed amended complaint are covered by the Plyler consent decree. A class member generally is bound by the result of the class action and cannot prosecute his claims separately. Golfe v. Menke, 672 F.2d 702, 704 (8th Cir.1982). However, where a class action adjudicates only claims for injunctive relief, a class member may not be barred from pursuing damages claims unless he was warned that he was required to litigate those claims as part of the class action. Wright v. Collins, 766 F.2d 841, 847 (4th Cir.1985).
 
 
 25
 In this case, the consent decree expressly states that class members may individually pursue damages claims as well as claims for injunctive relief which do not involve the conditions of confinement covered by the consent decree. Because all of Slezak's claims in paragraph 38 are covered by the consent decree, he is barred from individually pursuing injunctive relief. To the extent that Slezak seeks damages, he is not entitled to relief because he fails to assert that he himself has been harmed by the violations he alleges. Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir.1977).
 
 III. Access to Courts
 
 26
 Slezak complains that Defendants have denied him access to the law library, legal materials, and equipment with which to conduct legal research and writing. The constitutional right of access to courts requires states to affirmatively provide prisoners with either law libraries or persons trained in the law to prosecute both civil rights actions and post-conviction claims. Bounds v. Smith, 430 U.S. 817, 828 (1977). To establish a claim of denial of access to courts, however, a prisoner must allege an actual injury or a specific harm which has resulted from the denial. Strickler v. Waters, 989 F.2d 1375, 1383 (4th Cir.), cert. denied, 62 U.S.L.W. 3319 (U.S.1993). Because Slezak failed to allege any specific legal action which has been harmed by his alleged lack of access to a law library or legal materials, the district court properly denied relief on this claim.
 
 
 27
 IV. Failure to Exercise Supplemental Jurisdiction
 
 
 28
 Slezak charges that the district court improperly declined to exercise supplemental jurisdiction over the claim in subsection 13, 13, page 18, of the proposed amended complaint. That subsection argued that Defendants violated the South Carolina state constitution by using the Omnibus Criminal Justice Improvement Act, 1986 S.C. Acts 2955 ("OCJA"), and that the OCJA is "illegally bobtailed." This claim does not assert any violations of federal law.
 
 
 29
 When a case contains federal claims and state claims over which the court has supplemental jurisdiction, the court "may decline to exercise supplemental jurisdiction over [the state claims] if ... the district court has dismissed all claims over which it has original juris diction." 28 U.S.C.A. Sec. 1367(c)(3) (West 1993). Because the district court properly denied relief on the federal claims, it also properly declined to exercise supplemental jurisdiction over the state claims.
 
 Conclusion
 
 30
 For these reasons, we affirm the district court's order granting in part and denying in part Slezak's motion to amend, and denying relief on Slezak's claims. We also deny his request for appointment of appellate counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 31
 AFFIRMED.
 
 
 
 [1]
 Slezak failed to include a copy of his proposed amended complaint with the motion to amend that he filed in the district court, although he apparently sent a copy to Defendants. The magistrate judge issued an order on April 22, 1991, giving Slezak 20 days to send the proposed amended complaint to the court. Slezak asserts that he sent the proposed amended complaint to the court on April 30, 1991. Apparently the magistrate judge received this document, because he refers to it in his first report and recommendation and in subsequent reports. However, this proposed amended complaint is not in the record
 
 
 [2]
 A brief explanation of Plyler v. Evatt and its relevance to this case appears in Part II of the opinion
 
 
 [3]
 The court did not specify that these provisions were in the proposed amended complaint. Therefore, it was not clear from the order whether the court realized that the proposed amended complaint was the source for these claims