70 F.3d 114
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Janie M. WHEELER, Plaintiff-Appellant,
v.
ACCREDITING COUNCIL FOR CONTINUING EDUCATION AND TRAINING;
Sandra Lockwood; Tony Asher; Ronald Hare; Valerie
Vasquez; Michael Gould; Eddie C. Snow; Dave Goldstein;
Roger Williams, Defendants-Appellees,
and
Audrey V. GIBSON; Arthur Rogers; C. William Tayler; John
Fitzgerald; J. Ollie Crom; Equal Employment
Opportunity Commission, Defendants.
 No. 94-2111.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 15, 1995.
Decided Nov. 14, 1995.
 
 Janie M. Wheeler, Appellant Pro Se. Kenneth John Ingram, WHITEFORD, TAYLOR & PRESTON, Washington, D.C., for Appellees.
 Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.
 Affirmed by unpublished per curiam opinion.
 OPINION
 PER CURIAM:
 
 
 1
 Janie M. Wheeler appeals from the district court's order granting judgment as a matter of law against her in this civil action in which she alleged violation of the Equal Pay Act, 29 U.S.C. Sec. 206(d) (1988), and Title VII of the Civil Rights Act, 42 U.S.C.A. Sec. 2000e (West 1994). Specifically, Wheeler alleged that she was paid less than a male employee with a comparable position. In addition, Wheeler alleged that her employer's purported reason for terminating her employment (a conflict of interest caused by unauthorized consulting work) was a pretext for racial discrimination.
 
 
 2
 The matter was heard at a nonjury trial; at the close of Wheeler's evidence, Defendants moved for judgment as a matter of law, which the court granted. Wheeler then filed a motion for a new trial which was denied. Our review of the record and the district court's opinion discloses that this appeal is without merit.
 
 
 3
 As a threshhold issue, Appellees contend that Wheeler's notice of appeal was untimely. We disagree. Because Wheeler filed a motion for a new trial, under Fed.R.Civ.P. 59, within ten days of the court's entry of its final order, the appeal period was tolled until the court ruled on the Rule 59 motion. Fed. R.App. P. 4(a)(4). Therefore, Wheeler's timely appeal of the denial of her motion for a new trial also timely appealed the grant of judgment as a matter of law. Sawyer v. Atlantic Discount Corp., 442 F.2d 349, 350-51 (4th Cir.), cert. denied, 404 U.S. 882 (1971).
 
 
 4
 The standard of review for granting a motion for judgment as a matter of law is whether the evidence is so substantial or conclusive that any contrary verdict would necessarily be based on speculation or conjecture. Gairola v. Virginia Dep't of Gen. Servs., 753 F.2d 1281, 1285 (4th Cir.1985). The grant or denial of a motion for judgment as a matter of law is reviewed de novo. Id. In considering such a motion, the court must construe the evidence in the light most favorable to the party against whom the motion is made. Garraghty v. Jordan, 830 F.2d 1295, 1302 (4th Cir.1987).
 
 
 5
 In granting the motion for judgment as a matter of law on the Equal Pay Act claim, the court held that Wheeler did not submit any evidence of a pay differential between herself and a male who occupied an equal position. In addition, the court found that Appellant did not introduce any evidence of a "willful" violation, which is the only basis for Wheeler to avoid the impact of the two-year statute of limitations applicable to most Equal Pay Act violations. See 29 U.S.C. Sec. 255(a) (1988) (extending the limitations period to three years for "willful" violations). We find this determination is based on a fair reading of the record.
 
 
 6
 With regard to her Title VII claims, Wheeler failed to either rebut her employer's explanation for termination or prove that racial discrimination was the true reason for her dismissal. Thus, she has failed to establish an essential element for recovery under Title VII. See St. Mary's Honor Ctr. v. Hicks, 61 U.S.L.W. 4782, 4784 (U.S.1993). We find that the court's grant of Defendants' motion on this claim was likewise proper.
 
 
 7
 We review the denial of a motion for a new trial for abuse of discretion. United States v. Williams, 674 F.2d 310, 312 (4th Cir.1982). In her motion for a new trial, Wheeler's contends that the court erred in finding that she violated company policy and failed to notify the company of her outside consulting. Such a claim of error is only relevant to Wheeler's Title VII claim. Because Wheeler did not produce any evidence that the Defendants dismissed her on the basis of race, the alleged mistakes of fact are irrelevant. Therefore, the court did not abuse its discretion in denying Wheeler's motion.
 
 
 8
 Accordingly, we affirm the court's grant of Defendants' motion for judgment as a matter of law on both claims. We also affirm the denial of Wheeler's motion for a new trial. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED