# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3113

_____

| | | |
|---|---|---|
| Doris Williams, as Guardian of Donald Williams, | * * * | |
| Appellee, | * * * | Appeal from the United States District Court for the Eastern District of Arkansas. |
| v. | * | |
| State of Arkansas; Department of Health and Human Services; Margo Green, Director; John Does, 1-5, | * * * * * | [UNPUBLISHED] |
| Appellants. | * | |

_____

Submitted: April 13, 2000

Filed: April 20, 2000

_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Doris Williams is the guardian of her brother Donald, who for most of his adult life resided in a state health care facility in Arkadelphia, Arkansas. Williams filed a lawsuit against the State of Arkansas, the Arkansas Department of Health and Human Services and its director, and various state health care providers (collectively, the State), alleging the State violated the Americans with Disabilities Act (ADA) by negligently discharging Donald from the Arkadelphia facility, arranging Donald's

transfer to another facility from which he was ultimately discharged because he could not function there, and then improperly refusing to readmit Donald to the Arkadelphia facility. Shortly before trial, Williams and the State filed a joint motion for continuance in which the State agreed to place Donald "in the first appropriate vacancy at either the Arkadelphia or Alexander [facilities]," that Williams's action was not frivolous, that the district court could enforce the joint motion's terms, and that Williams's claims for injunctive relief were thus moot. The district court awarded Williams attorney's fees and costs as the prevailing party under 42 U.S.C. § 12205 (1994).

The State now appeals the district court's conclusion that Williams was a prevailing party entitled to fees and costs. Because the State's voluntary compliance with Williams's requested relief rendered Williams's action moot, Williams will be considered a prevailing party if her lawsuit was "a catalyst for the [State's] voluntary compliance and the [State's] compliance was not gratuitous." Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist., 17 F.3d 260, 262 (8th Cir. 1994). We agree with the district court's conclusion that:

> [Williams's] lawsuit was a 'catalyst' for [Donald's] readmission . . . . After a thorough review of the record, it appears that [the State] took few significant steps toward re-admitting [Donald] prior to the filing of this lawsuit[,] . . . that [the State] only became serious about [Donald's] re-admission after the Court 'encouraged' the parties to do so and the trial date loomed near[,] . . . [and that] [Donald] was not guaranteed placement in an 'appropriate facility' by [the State] until . . . approximately ten (10) days before the scheduled trial.

Likewise, because the State conceded in the joint motion for continuance that Williams's suit was not frivolous, the district court properly concluded Williams's action was not gratuitous. See Little Rock Sch. Dist., 17 F.3d at 262 (lawsuit is not gratuitous if action is not frivolous, unreasonable, or groundless). We decline to address the State's argument raised for the first time on appeal that Williams's lawsuit is gratuitous

because Williams failed to exhaust available administrative remedies before filing her action.  See Blankenship v. Gunter, 898 F.2d 625, 626 n.2 (8th Cir. 1990).

We affirm the district court's award of attorney's fees and costs to Williams as the prevailing party in her ADA action against the State.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.