# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1558

_____

Michael A. Dean; Jean P. Gibson;     *
Pat Edmonds,                         *
                                     *
            Appellants,              *
                                     *   Appeal from the United States
      v.                             *   District Court for the
                                     *   Western District of Missouri.
Supt. Michael Bowersox; Patricia     *
Cornell; Michele Buckner; Don Roper; *       [UNPUBLISHED]
Ricky Fisher; Princess Fahnstock,    *
                                     *
            Appellees,               *
                                     *
S.C.C.C. Censorship Committee,       *
                                     *
            Defendant.               *

_____

Submitted: April 7, 2009
Filed: April 22, 2009

_____

Before BYE, RILEY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Missouri inmates Michael A. Dean, Jean P. Gibson, and Pat Edmonds (plaintiffs) appeal the district court's dismissal for failure to state a claim of their 42 U.S.C. § 1983 action alleging prison officials were wrongfully censoring publications,

in violation of their First Amendment rights. We affirm in part, reverse in part, and remand for further proceedings.

As relevant, plaintiffs' complaint and attached documents indicate defendants seized from plaintiffs issues of *Rockstar* magazine, *Penthouse* magazine, and *American Curves* magazine as violating regulations against material that "[p]romotes violence, disorder, or the violation of state or federal law including inflammatory material"; seized an issue of *Penthouse-Forum* magazine as portraying explicit sex acts, sadistic sex acts, or sex acts in violation of state or federal law; and seized other magazines for containing free items, specifically: *Backpacker* magazine ("contains stickers"), *National Geographic* magazine ("contains an unauthorized poster"), and *Sports Illustrated* (3-D glasses). Plaintiffs alleged that, in seizing the items, defendants had not properly applied the constitutional standards for obscenity or inflammatory material, and selectively applied the "contraband policy," by using "common advertising schemes" as an excuse to prevent inmates from receiving certain publications in order to "impose their own personal moral views." Plaintiffs further alleged defendants could provide no evidence that removal of stickers or other free items before providing the relevant publications to plaintiffs would endanger prison security, and that the administrative burden of doing so would not be great. They requested damages and injunctive relief.

The district court dismissed the complaint on defendants' motion, finding plaintiffs failed to demonstrate defendants' censorship was not related to a legitimate penological objective. The district court also denied plaintiffs' Federal Rule of Civil Procedure 59(e) motion, stating censorship decisions made by prison officials should be given deference.

We review de novo the district court's dismissal for failure to state a claim. <u>See</u> <u>Carter v. Arkansas</u>, 392 F.3d 965, 968 (8th Cir. 2004). Prison regulations that restrict inmate access to publications are valid if the regulations are reasonably related to legitimate penological interests. <u>See</u> <u>Thornburgh v. Abbott</u>, 490 U.S. 401, 404, 412-

14 (1989). The court must consider (1) whether there is a rational connection between the regulation and a neutral, legitimate government interest; (2) whether alternative means exist for the inmates to exercise the constitutional right; (3) what impact accommodating the right would have on prison inmates, personnel, and resources; and (4) whether obvious and easy alternatives exist. See id. at 414-18 (discussing the four factor test established in Turner v. Safley, 482 U.S. 78 (1987)).

To the extent plaintiffs were bringing a facial challenge to the regulations denying sexually explicit material and material promoting violence, this court has previously recognized a legitimate government interest behind such regulations. See Murphy v. Mo. Dep't of Corr., 372 F.3d 979, 986 (8th Cir. 2004) (declaring that a prison "regulation that allows for censorship of incoming items that are likely to incite violence is related to the institutional needs of maintaining a controlled and secure environment"); Dawson v. Scurr, 986 F.2d 257, 261 (8th Cir. 1993) (suggesting a sexually explicit publication "'may be expected to circulate among prisoners'" with the potential for "'coordinated disruptive conduct'" (quoting Thornburgh, 490 U.S. at 412)); Harris v. Bolin, 950 F.2d 547, 549 (8th Cir. 1991) (per curiam) (discussing security problems, such as fights, increased sexual activity, and destruction of property, which were caused by sexually explicit materials in prisoners' cells); Carpenter v. South Dakota, 536 F.2d 759, 763 (8th Cir. 1976) (concluding the receipt of sexually explicit materials would have a detrimental effect upon inmate rehabilitation). Plaintiffs did not put forth an alternative to these regulations, and thus we affirm dismissal of the facial challenge.

We find, however, plaintiffs sufficiently stated a claim with regard to these regulations as applied to the particular publications at issue. See Murphy, 372 F.3d at 986 (deciding "[a] regulation valid and neutral in other respects may be invalid if it is applied to the particular items in such a way that negates the legitimate concerns"). Although plaintiffs have not been allowed to see the publications, plaintiffs alleged third parties have stated the publications were not inflammatory, and that they were not "obscene." Liberally construing plaintiffs' pro se allegations, see

Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam), and considering plaintiffs have not been able to view the materials in question, we find their allegations sufficient to survive a motion to dismiss.

Turning to plaintiffs' challenge to the prohibition on publications that contained stickers, posters, or other free items, we find plaintiffs stated a claim as to both their facial challenge and their as-applied challenge. The regulation at issue is not included in the record, let alone any justification by defendants to support the regulation, making a Turner analysis difficult. In addition, plaintiffs have put forth an arguably reasonable alternative to the regulation, i.e., remove the prohibited items from the publications, and defendants have provided no explanation in this record as to why this alternative would be burdensome or otherwise unworkable. Cf. Thornburgh, 490 U.S. at 419 (explaining "when prison officials are able to demonstrate they have rejected a less restrictive alternative because of reasonably rounded fears that it will lead to greater harm, they have demonstrated their alternative was not an exaggerated response). Further, plaintiffs allege the regulation against free items is not uniformly applied, leading to improper content-based determinations. See Murphy, 372 F.3d at 986 (stating the prison regulation was "reasonably related to legitimate penological interests," but remanding for a determination on whether the specific item censored satisfied the Turner factors).

Accordingly, we grant plaintiffs leave to proceed in forma pauperis, and we affirm the dismissal of any facial challenge to the prison's regulations prohibiting sexually explicit and violent material, but we remand for further consideration of the validity of the regulations as applied to the publications at issue. We also remand for further consideration of the regulation prohibiting free items, both the regulation on its face and as applied to the publications at issue. We deny as moot plaintiffs' motion for appointed appellate counsel.

_____